### BISCHOFF v. TRENHOLM.

1. DISTRESS FOR RENT—ASSIGNED GOODS—CASE CRITICISED.—Property on the demised premises in the possession of an assignee for the benefit of creditors, does not belong to the assignor in his own right, and therefore cannot be distrained for rent past due by him before the execution of the deed of assignment. *Ex parte Knobeloch*, 26 S. C., 333, approved and applied.

Before NORTON, J., Charleston, March, 1891.

Controversy without action between Albert Bischoff and G. M. Trenholm, assignee of J. H. E. Stelling. The deed of assignment was in the usual form, directing the assignee to take possession of the property and convert it into money, the proceeds, after paying mortgages out of the property mortgaged, counsel fees, and other expenses incident to and attending the assignment and the execution of the trusts thereunder, to be applied to creditors who accepted and released, and then to all other creditors.

The Circuit decree was as follows:

The argument, that the whole of section 1826 of our General Statutes should be construed together, is very strong, but it must yield to authority. In *Ex parte Knobeloch*, 26 S. C., 333, it is held that the clause, "and no property shall be seized under a distress warrant for rent, except such as belongs to the tenant in his own right," was intended to be a distinct and independent provision of law. The assignment conveys Stelling's legal estate to defendant; the property cannot, therefore, be said to belong to, *to be the property of*, "Stelling." Nor, if he were the trustee instead of defendant, could Stelling be said to hold the pro-

perty *in his own right*, because of the remote possibility that the assets of the assigned estate may exceed its liabilities. It is not, therefore, distrainable under the warrant issued by plaintiff. The lien for house rent exists only when and so long as it is enforcible by distress warrant. No such lien exists on the assets due by Stelling as aforesaid. It does not appear that defendant has in any way made himself as assignee or individually responsible for the said debt.

It is adjudged, that the proceedings be dismissed and that defendant have execution against plaintiff for his costs.

Plaintiff appealed.

*Mr. John F. Ficken*, for appellant.

The right to distrain is a lien. 26 S. C., 333; Harp., 339; 1 Rich., 226; 25 S. C., 475; 4 McCord, 274; 2 Speer, 436. An assignment for the benefit of creditors is like to a chattel mortgage before condition broken, in which case a distress warrant may be levied. 26 S. C., 333; 1 Strob., 124; Jones Chat. Mort., § 426; 3 Kent, 483; 4 *Id.*, 136; Burr. Assign., 30; 16 Pet., 106. The goods cannot be distrained if sold and for a valuable consideration, which means an actual *bona fide* sale for value, and does not include assignments for a technical value, where the estate is conveyed only *sub modo.* 4 Kent, 138; 39 Mass., 243; Burr. Assign., 483–4, 539; 1 Ashm., 187; 4 Sandf. Ch., 531; 11 Paige, 21; 13 Wall., 15; 15 *Id.*, 336. The provisions of Gen. Stat., § 1826, were intended to apply only to property of other persons, as in 17 S. C., 456. See 4 Halst., 110; 17 Am. Dec., 455; 60 Miss., 360; 24 Minn., 584; 51 Tex., 134; 8 South. Rep., 449; 1 *Id.*, 59; 25 S. C., 475; 4 Rich., 248; and as conclusive, *Cooley* v. *Perry*, 34 S. C., 554.

*Mr. R. G. Rhett*, contra.

April 13, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The plaintiff above named claims to recover of the defendant the following personal property, viz.: Six printing presses, one lot of pulleys, shafting, belting, and

machinery, one lot of type stands, one stove, and one lot of stereopticon plates, which property is situate on the premises, No. 153, East Bay, in the city of Charleston. The following are the facts upon which the said controversy depends, "agreed upon in a controversy without action."

J. H. E. Stelling was a tenant of the plaintiff, and as such tenant rented the premises, No. 153, East Bay, in the city of Charleston, up to November 1, 1890, on which day he was indebted to the said plaintiff in the sum of $675, for nine months' rent of said premises, extending from February 1, 1890, to November 1, 1890, which rent became due and payable on the first day of each month. That on November 5, 1890, the said Stelling executed unto George M. Trenholm, the defendant, the annexed deed of assignment (see Brief), for the benefit of the creditors of the said J. H. E. Stelling, which has been duly recorded. That immediately upon the execution and delivery of said deed of assignment, the said George M. Trenholm, assignee as aforesaid, entered into possession of said property, and has remained in absolute control and possession of same since the date of said assignment, and said property was in control and possession previous to the issue or levy of any distress warrant by plaintiff. That on November 10, 1890, the plaintiff, by O. R. Levy, a constable, exercising his office in the city of Charleston, levied, under protest by the said G. M. Trenholm, assignee, the annexed distress warrant (in the Brief), having previously made the return as endorsed on said warrant. That the property has never been removed from the premises, and the defendant still retains control and possession thereof, subject to the judgment to be had in this action, and declines to surrender the same to the said O. R. Levy or to the plaintiff, although demand has been made for the same, alleging, as the ground of his refusal, that the said distress could not be made for the said rent, after the property had passed into his control and possession, by virtue of said deed of assignment.

The questions submitted to the court upon this case are the following: I. Was the said distress warrant duly levied? II. Was it lawful to levy the said distress for rent upon the said property in the hands of the said defendant after the execution and delivery of the said deed of assignment, and the property having

passed into possession of the defendant? III. Is the plaintiff entitled to be paid his rent claim in full out of said property in preference to the claims of other creditors? If these questions are answered in the affirmative, then judgment is to be rendered against the said defendant for the recovery of the possession of the said property, or the sum of $675, the value thereof, in case a delivery cannot be had, and for costs. If these questions are answered in the negative, then judgment is to be rendered in favor of the defendant, and for his costs.

Upon this case the cause was heard by his honor, Judge Norton. who held that the assignment conveyed Stelling's legal estate to the defendant as assignee, and therefore it cannot "be said to, belong to, to be the property of, Stelling." The lien for house rent exists only where, and so long as, it is enforcible by distress warrant; no such lien exists on the assets due by Stelling. as aforesaid. And he adjudged that the proceedings be dismissed, and that the defendant have execution against the plaintiff for his costs.

From this judgment the plaintiff appeals to this court upon the following grounds: *First.* Because his honor, the presiding judge, erred in holding that the property in question was not d-strainable under the warrant issued by plaintiff. *Second.* Because his honor, the presiding judge, erred in holding that the lien for house rent exists only where, and so long as, it is enforcible by distress warrant. *Third.* Because his honor, the presiding judge, erred in holding that no lien enforcible by distress warrant for the rent in question existed on the said property in the hands of the defendant as assignee.

As we understand it, the real point in this case is, whether the property in question was subject to distress for rent at the time of the levy of the warrant, for if not so subject, it would be useless to inquire whether the landlord had or had not a lien prior to that time. We take it to be now settled, that section 1826 of the General Statutes was intended to be a distinct and independent provision of law, which reads as follows: "Nothing herein contained shall extend, or be construed to extend, to empower such landlord or lessor to take or seize any goods or chattels as a distress for arrears of rent, which shall be.

sold *bona fide* and for a valuable consideration, before such seizure made; and no property shall be seized under a distress warrant for such, except such as belongs to the tenant in his own right," &c.

It was held by this court in *Ex parte Knobeloch*, 26 S. C., 333, that "after condition of a chattel mortgage is broken, the landlord cannot distrain the mortgaged property for rent due by his tenant, the mortgagor; because such property does not then belong to his tenant in his own right, but to the mortgagee." It is a mistake to suppose that the court held in that case, that a landlord could distrain property mortgaged *before* condition broken. No such point was before the court, and, of course, could not have been decided. The distinction between the two conditions was carefully kept in view, and in every instance in which a mortgage was spoken of, it was expressly in reference to a mortgage *after* condition broken, except once, in speaking of section 1826 (General Statutes), this remark was made *in arguendo:* "One of the provisions of the Statute of Anne, so often referred to, is, that if there is a judgment against the tenant, the sheriff may not take *in execution* goods on the premises, without paying to the landlord one year's rent, if so much be due; and it would seem, in reason and by analogy, that the landlord should be protected to the same extent against the mere lien of a mortgage. But in reference to a mortgage of personal property, the relation of the parties is very much changed as soon as the condition is broken and the mortgagee takes possession. The title to the property itself is then changed, and, as we suppose, can no longer be said to *belong* to the mortgagor"—citing the authorities.

Without going into the argument again, we may say that the assignment for the benefit of creditors was in the usual form, and conveyed to the assignee the legal title certainly, subject to a remote equity to have the surplus, if any, to be returned to him. There is, also, such an equity in the case of a mortgage of personal property *after* condition broken. The learned counsel of the landlord cited a New Jersey case, that of *Hoskins* v. *Paul*, 4 Hals., 110, which, in reference to an assignment for the benefit of creditors, does seem to favor the view which he maintains so

earnestly.    But the excluding provision in the New Jersey Stat-
ute is quite different from that in ours ; and we think, if carefully
examined, will explain the ruling in that State.

We have considered the matter carefully, and we are not able
to distinguish this case of _an assignment_ for the benefit of credi-
tors from ·that of (Knobeloch's) _a mortgage after condition
broken ;_ and therefore concur with the Circuit Judge, that at
the time the distress warrant was levied, it could not be ·properly
said that the property "belonged to, _to be the property of, Stell-
ing_." the tenant.

The judgment of this court is, that the judgment of the Cir-
cuit Court ·be affirmed.