### JONES v. SPARTANBURG HERALD COMPANY.

1. CORPORATION—ACTION.—A corporation cannot relieve itself of liability to suit for an unpaid indebtedness by going out of business.
2. CHARGING JURIES—REQUESTS.—The trial judge committed no error in failing to charge the jury that which he was not requested to charge.
3. IBID.—FACTS.—The charge in this case was not a charge on the facts.
4. To TERMINATE A TENANCY FROM YEAR TO YEAR, notice of termination must be given a reasonable time before the expiration of the calendar year, which may not be three months in all cases. This case distinguished from Godard v. Railroad Company, 2 Rich., 346.

Before FRASER, J., Spartanburg, July, 1894.

Action by W. M. Jones against the Spartanburg Herald

Company, commenced in December, 1893. The complaint was as follows:

The plaintiff, complaining of the defendant in the above case, alleges: 1. That the defendant is a corporation, duly chartered under the laws of this State by an act of the General Assembly, entitled "An act to incorporate the Spartanburg Herald Company," approved December 26, A. D. 1884. 2. That the said defendant rented from plaintiff in December, 1891, an office in the city of Spartanburg, S. C., for the sum of $150 per annum, payable monthly, and in accordance with said agreement paid rent to December 31, 1892. 3. That in December, 1892, the defendant gave notice to plaintiff that unless the rent was reduced to $100 per annum, the said defendant would move out of said premises. That plaintiff declined this proposition, but in a spirit of compromise, offered to reduce the rent for the ensuing year to $120. The defendant refused this offer, and gave notice that it would vacate the premises on or before the first day of January, 1893. The plaintiff then gave notice to defendant that plaintiff would stand strictly on his legal rights. 4. That defendant did not move out on 1st day of January, 1893, but held over until May 1st, 1893. 5. That plaintiff has never released defendant from liability for the full year on which defendant had entered. 6. That eleven months' rent, amounting to $137.50, has become due, and no part of the same has been paid, except the sum of $45. 7. That payment of said balance due has been demanded and refused. Wherefore, plaintiff demands judgment against the defendant for the sum of $92.50 and costs.

The answer was as follows:

J. C. Garlington, upon whom the summons and complaint in this action were served, answering the complaint for himself and for the Spartanburg Herald Company, if it is determined that said company has not been dissolved, and has been duly and properly served in this action, says: 1. That the said the Spartanburg Herald Company was at one time a corporation, duly chartered and doing business under the laws of the State, but that said corporation has long discontinued business, and

that there is now no such corporation.   2. That while the said the Spartanburg Herald Company was in existence and doing business in the city of Spartanburg, it rented from the plaintiff certain rooms, at $12.50 per month, but for no definite time, and that in December, 1892, said corporation gave notice to the plaintiff that as soon as it could, after the expiration of three months from that time, it would move out of the building of the plaintiff and surrender same to him; and that thereafter, on or about May 1st, 1893, said corporation did vacate said rooms and surrendered them to the plaintiff, after first paying him all the rent that was due him therefor, and that since that time said corporation has never been indebted to plaintiff for any rent whatever.   3. That when the said the Spartanburg Herald Company dissolved and went out of business, all the debts then due by the said corporation were assumed by J. C. Garlington, who, up to that time, had been a stockholder in, and managing agent of, said corporation, and he has since that time been responsible therefor, all of which was and is well known to the plaintiff.   4. Denies all the allegations of the complaint not herein expressly admitted.   5. Alleges that even if the said the Spartanburg Herald Company is a corporation now in existence, it has not been properly and legally served in the action.   Wherefore, said J. C. Garlinton demands judgment, that the complaint be dismissed with costs.

The judge charged the jury as follows:

Gentlemen of the jury, this is an action to recover the amount alleged to have been due for rent for the year 1893 by the defendant company to the plaintiff in this case.   Well, it is immaterial whether the company has gone out of business or not if the company is liable for the rent, it is conceded now. Whatever could be collected out of the company is not a matter with which you or I have any business now.

If a man rents a house or farm or any real estate—in '91 it is alleged here—and no period of time is fixed for the rent, and then occupies it for the balance of the year '91, and for the whole of the year '92, and pays rent for '92, then the law raises the presumption of a renting for the year '93, the tenant

is bound to keep it for the year '93, unless he gives notice. That is exactly the Charleston case. Now, it is contended here for the defence that notice in December was enough. I have always understood the rule to be different, and that Charleston case assumes that three months notice is necessary in the city as well as in the country. The reason of the rule is one to my mind very plain. A man might pick up a piece of land or a house or lot and hawk it about the country, and rent it or find a purchaser for it, and he ought to have reasonable notice that it is going to be vacant, so as to enable him to look out for another tenant for the next year to work it or make his income on town lots to secure his insurance, if necessary.

So I take that to be the law, and that three months is the time. I have always understood it to be three months ever since I have been at the bar. I remember one of the earliest cases in which I was concerned at all in the old State Reports, which was almost identical with this, puts it down three months—three months before the first of January. If he went in in '91, and used it the whole year '92, and paid rent for '92, unless something was done to terminate that lease or that rent, he was bound to keep it the next year, unless he gave notice by the first of October. That is the law, and the reason of it is as I have said; it is the rule, whether in the town or in the country. It is true, that the parties may have made a different arrangement afterwards; but if the company had the property, and liable for the rent for '93 at the same rental that he had it for '92, then the company was liable, unless there was a change; and I will say to you that mere negotiations for a change are not sufficient, but there must have been some agreement to make a change—particularly if one man, the defendant, offered $120, and the other said: "I cannot accept that, and I will stand on my legal rights." Well, it was for the defendant, or the representative of the defendant, to understand or to ascertain what those legal rights were.

If the parties had agreed, as is done generally in renting, that it shall be a renting for one year, then at the end of the year a man is bound to give it up; but if it is a renting which is indefinite in time, as the testimony is in this case, indefi-

34—44

nite, no period fixed, took it at the rental of $150, the contract might have been one year, or might have been ten years; if it had said, though, as is commonly done, we rent you this place for the year '92 for $150, then no notice would have been necessary on either side. The defendant could not have held it, and the plaintiff could not have turned him out. So that is the rule, as I understand it, and I don't think there is anything else for me to say to you about it.

The verdict of the jury was for the plaintiff, for $92.50, and defendant appealed on the following grounds, alleging error:

1. In holding and charging the jury that it was immaterial whether the defendant corporation had gone out of business or not, when he should have charged that if said corporation had gone out of business and dissolved, it was no longer a corporation, and could not be sued or recovered against as such. 2. In holding and charging the jury as the law applicable to this case, that if a man rented a house or farm in 1891, and kept it through 1892, he was bound for the rent of the house for 1893 also, unless he gave notice before October 1st, 1892, that he would not be so bound and would surrender the house. 3. In holding and charging the jury, that in all cases of tenancy from year to year, three months notice before the end of the calendar year is necessary before the tenant can legally surrender the premises, and that any holding over into the next year makes the tenant liable for the rent of said year, and in instructing the jury that this was such a tenancy from year to year, taking from the jury the question of fact as to what the contract really was. 4. In holding that mere negotiations were not sufficient to change the presumption that a holding over was for the whole of the next year, and in not holding and charging the jury that any holding over into a new year, subject to negotiations between the parties, rebuts the presumption of a renting for the whole of such new year. 5-7. In not charging the jury, &c.

*Messrs. Bomar & Simpson,* for appellant.

*Messrs. Duncan & Sanders* and *Geo. W. Nicholls,* contra.

September 7, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. The question raised by the appeal in this case will be understood by referring to the complaint, answer, the presiding judge's charge to the jury, and appellant's exceptions, which will be incorporated in the report of the case.

The first exception complains of error on the part of the presiding judge in charging the jury that it was immaterial whether the defendant corporation had *gone out of business* or not. The appellant's attorneys do not discuss this exception in their argument before this court. The proposition is too plain to admit of controversy, that a corporation, by simply going out of business, does not absolve itself from liability to be sued.

The latter part of this exception, also the latter part of exception 4, and exceptions 5, 6, and 7, complain of error on the part of the Circuit Judge in failing to charge the jury as therein set forth, although there were no requests to charge. Such exceptions will not be considered by this court. *Marion* v. *Aiken*, 39 S. C., 33.

The other exceptions raise substantially but two questions, to wit: 1st. Was there error of law on the part of the presiding judge in commenting on the facts of the case in his charge to the jury? 2d. Was it error on the part of the presiding judge to charge the jury that, in order to terminate a tenancy from year to year it is necessary to give three months notice of such intention immediately preceding the end of the calendar year?

After a careful consideration of his honor's charge, we fail to find where he commented on the facts and invaded the province of the jury. The exceptions raising the first question are, therefore, overruled.

The authorities in this State show, beyond question, that a tenancy from year to year looks to the end of the calendar year for its termination, and that, in order to terminate it at that time, it is necessary to give notice of such intention. *Wilson* v. *Rodeman*, 30 S. C., 210, and cases therein cited. His honor charged the jury that such notice must be given *three months* immediately preceding the end of the calen-

dar year. At common law it was necessary to give six months notice in order to terminate a tenancy from year to year. This rule has not, however, been adopted in this and a number of other States. An impression has prevailed in our State for a long time that it is necessary to give three months notice in order to terminate a tenancy from year to year, although we have no statute providing for such notice. This impression was caused, perhaps, by the provision of the act of 1808 (set forth in section 11, on page 435 of the General Statutes of 1872), that all tenants for years, &c., who shall hold over after the legal determination of their estates, after demand made in writing for delivering possession thereof by the person having the reversion or remainder therein, and holding over for the space of three months after such demand, shall forfeit double the value of the use of the premises, recoverable by action. This provision was not incorporated in the General Statutes of 1882 nor in the Revised Statutes of 1893.

The case of *Godard* v. *Railroad Co.*, 2 Rich., 346, decides two questions: 1st. That in order to terminate a tenancy from year to year it is necessary to give reasonable notice of such intention. 2d. That in that case three months notice was admitted to be the customary notice in Charleston, where the case was tried, and that the difference in the habits and state of society in England and in this State well warranted the substitution of three for six months. That case differs from this in the very material fact that in Charleston, it was admitted, custom had fixed the notice in such cases, while here there was not even any testimony introduced tending to establish such custom. In the absence of a statute requiring three months notice, and in accordance with the principles announced in the case of *Godard* v. *Railroad Co.*, *supra*, we are bound to hold that the Circuit Judge was in error in charging the jury that three months notice was necessary in order to terminate a tenancy from year to year. His honor should have charged that it was only necessary to give reasonable notice, and should have left it to the jury to say whether, in view of all the facts and circumstances of this case, reasonable notice was given. The exceptions raising this question are sustained.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the case remanded to the Court of Common Pleas for Spartanburg County for a new trial.