9688

MORGAN SILVER PLATE CO. v. BOBO UNDERTAKING CO. *ET AL.*

(92 S. E. 720.)

1. LANDLORD AND TENANT—TENANCY AT WILL—TENANCY FROM YEAR TO YEAR.—Tenancies which start as tenancies at will may be changed by the acts of the parties, express or implied, into tenancies from year to year, but tenancies at will, resting in contract, may nevertheless exist as lawful estates; the statutes so referring to them.

2. CHATTEL MORTGAGES—LIEN—DISTRESS FOR RENT—EXCEPTION—PROOF—STATUTE.—A mortgage creditor of a tenant, who became such creditor before the tenant assumed the actual relation of tenant to the landlord, is an exception to the general rule as to the landlord's right of distress for rent, and he must prove the exception, declared by Civ. Code 1912, sec. 3516, excepting from distress property subject to a mortgage made before the rent contract was entered upon.

3. CHATTEL MORTGAGES—LIEN—DISTRESS FOR RENT—MORTGAGED PROPERTY—STATUTE.—Under Civ. Code 1912, sec. 3516, providing that in cases where property distrained for arrears in rent is subject to the lien of a mortgage placed on the property before it was brought upon the rented premises, the mortgage debt shall have precedence of payment, and section 3515, extending the landlord's remedy of distress to mortgaged property of the tenant, where a mortgagor company was in possession of premises as tenants of the landlord when it mortgaged property on the premises, and so continued, so that the mortgage creditors took for security a lien on property at the time subject to arrears of rent, and so continuing, which the mortgage creditors knew, the mortgage claim as to the property covered by the mortgage had no preference over the rent claim.

Before SEASE, J., Spartanburg, Summer term, 1916. Affirmed.

Action by the Morgan Silver Plate Company against the Bobo Undertaking Company, R. E. Cudd and others, and C. P. Hammond and others. From a judgment for plain-

tiff, defendants, Cudd and others and Hammond and others, appeal.

*Mr. John Gary Evans,* for appellants.

*Messrs. Carson & Boyd,* for respondent.

May 25, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

There is but one issue in the case, and that is: Who is entitled to priority of payment out of the proceeds of a stock of goods and fixtures, a mortgage creditor of the tenant of the store, or the landlord of the store?

There is no dispute about the facts, but only about the inference to be drawn from them. The issues are chiefly of law, and of statute law at that. The circumstances of the case are these:

The Bobo Company, undertaker by trade, was tenant of a storeroom for the years 1910, 1911, 1912, 1913, 1914 and part of 1915. In some of the years the landlords were Green and Harris. From the 1st of March, 1913, the landlords were Hammond and Kirby, by purchase from Green and Harris; and Hammond and Kirby have so continued until issue joined herein.

There was no written contract betwixt landlord and tenant. The tenant went in 1910 and paid $65 per month for some years, and then $50 for nine months of the year 1913, and on January 1, 1914, the rent was reduced to $50, upon the understanding that it would be paid promptly on the 1st of each month, and it so continued up until the receivership. The mortgage debt was created March 25, 1913. The rent claim is for November and December, 1914, and January, February, March and April, 1915.

There is some contention by the appellant about the ter-
minology of the tenancy. The master and Circuit Court
held that the tenancy was one at will. The appellant con-
tends that tenancies at will have been displaced by tenancies
from year to year; and the instant tenancy was of the latter
character.

It is true that tenancies which start at will may be changed
by the acts of the parties, express or implied, into tenancies
from year to year. But, as tenancies at will rest in
contract, there is no ground to hold they may not
exist; and the statutes expressly refer to them as law-
ful estates. *Hellams* v. *Patton,* 44 S. C. 549, 22 S. E. 608;
*Telephone* v. *Bank,* 90 S. C. 58, 72 S. E. 878; 4 Kent, 112.

We think the circumstances of the case, together with the
testimony of both the landlord, Hammond, and the tenant,
Bobo,. show that the tenancy throughout was from year to
year. The landlord said:

"On January 1, 1914, nothing was said about the time the
rent was to continue. The rent was $50 a month. Yes, sir;
I thought they would keep it longer than a month. * * * I
expected them to stay there permanently, as long as they
paid their rent."

That is the essence of the testimony on that subject.

But the decision of the cause does not depend upon
whether the tenancy was at will or from year to year. It
depends more upon the statutes we shall next consider.

The ancient law of distress was re-enacted in 1878, after a
few years of its suspension theretofore. Confessedly by
that statute as it stood at the re-enactment a mortgage cred-
itor of the tenant who sought payment out of the goods
which rested in a rented house must first have paid the land-
lord the rent which was due before the goods could be
removed. 2 Stats. 547; Code of Laws, sec. 3513; 16 Stats.
511. And the statute was so broad at the outstart that the
landlord might subject to the process of distress any prop-

erty being on the premises.   A proviso to the act of 1878, the act of re-enactment, declared, however, that:

"No property shall be seized under a distress warrant for rent, except such as belongs to the tenant in his own right."

Subsequent statutes further extended and further limited the remedy by distress.

The act of 1892 (21 Stats. 114) extended the remedy to goods which a tenant might assign for the benefit of his creditors.   The statute was the aftermath of *Bischoff* v. *Trenholm,* 36 S. C. 75, 15 S. E. 346.

The statute of 1898 (22 Stats. 784) extended the remedy to mortgaged property of the tenant where the mortgage was made after the contract of tenancy had been entered into.   Code, sec. 3515.

The statute of 1899 (23 Stats. 81) in effect expressly excepted from distress that which the act of 1898 had impliedly so excepted, to wit, that property which was subject to a mortgage made before the rent contract was entered upon.   Code, sec. 3516.

These last two statutes followed in the wake of *Brewster* v. *McNab,* 36 S. C. 274, 15 S. E. 233, and they make the law which must govern the instant case.

The pivotal inquiry, as the appellant asserts, is whether there was a "rent contract entered upon" after the mortgage was made on March 25, 1913.   Hammond and Kirby were landlords when the mortgage was made, and a tenancy by Bobo had been then entered upon and continued to the end.

The words of the statute in the act of 1899 are "rent contract entered upon," and in the act of 1898 the words are "contract of tenancy entered into."   But we think the intent of the statute was, in effect, to except from the old remedy of distress property that was mortgaged by the tenant before he assumed the actual relation of tenant to the landlord.   Such a mortgage creditor is the exception to a general rule, and he must prove the exception.

While there may have been by operation of law a technical new rent contract starting on January 1, 1914, yet the essential relationship of the parties was not changed; the Bobo Company was in as tenants of Hammond and Kirby when the mortgage was made, and so continued to the end; so that the mortgage creditors took for security a lien on property which was at the time they took the mortgage subject to arrears of rent, and so continued to the end; and the mortgage creditors knew it.   Force is lent to this view by a consideration of the entire act of 1899.   The act of 1899 is bifold.   If the parts of it be divided, it will read thus:

(1) "In * * * cases where property distrained for arrears of rent is subject to the lien of a mortgage placed upon said property before the rent contract was entered upon," the mortgage debt shall have precedence of payment.

(2) "In * * * cases where property distrained for arrears of rent, is subject to the lien of a mortgage placed upon said property before the * * * said property was brought upon the rented premises," the mortgage debt shall have precedence of payment.

The numerals are supplied.

Now the instant case falls under that part of the statute marked 2.   A mortgage lien was not placed upon the property before the property was brought upon the premises; on the contrary, so far as the testimony shows, the property was on the premises before any mortgage lien was put upon it.   By the very words of the statute, therefore, the mortgage has no preference over the rent claim.

We are of the opinion that judgment below must be affirmed.

It is so ordered.