### 10543.

### MAYNARD v. CAMPBELL.
#### (105 S. E. 351.)

LANDLORD AND TENANT—TENANT HELD FROM YEAR TO YEAR AND NOT AT WILL; TENANT FROM YEAR TO YEAR ENTITLED TO NOTICE LOOKING TO END OF CALENDAR YEAR.—Where tenant began his occupancy of premises at a stipulated monthly rental, and for three successive years regularly attorned to landlord with no notice of change, he was not a tenant at will, but was a tenant from year to year, and before ejection under Civ. Code 1912, section 3509, was entitled to notice looking to the end of the calendar year.

Before SHIPP, J., Florence, November term, 1920. Affirmed.

Action by B. H. Maynard against W. A. Campbell. From judgment for defendant, the plaintiff appeals.

*Messrs. Willcox & Willcox,* for appellant, cite: *Entry under a parol lease shall after twelve months have the effect of an estate at will only:* 60 S. C. 400. *If he remain after first twelve months under circumstances permitting inference of tenancy from year to year, such tenancy runs to end of calendar year:* 66 S. C. 170. *Mere fact of continuance in possession after termination of lease not sufficient to create tenancy from year to year:* 113 S. C. 212; 102 S. E. 16.

*Where there is no agreement for a new tenancy, the tenant holds as a tenant at will:* 16 R. C. L. 1161.

*Messrs. McNeil & Oliver.* for respondent.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action brought for the purpose of ejecting a tenant holding over after the expiration of his contract under section 3509 of the Civil Code.

The magistrate held that the first year it was a tenancy at will after the 31st of December following the expiration of the first year. An appeal was taken from magistrate's Court to the Circuit Court, and Judge Shipp held:

"That the facts of the case show that it was a tenancy from year to year, and that in order to eject defendant reasonable notice must be given him looking to the end of the calendar year."

He reversed the decision of the magistrate and dismissed the case.

Plaintiff appealed, and by four exceptions challenges the correctness of his Honor's ruling. The exceptions are overruled under *Wilson v. Rodeman,* 30 S. C. 210, 8 S. E. 855. Mr. Justice McGowan, in that opinion, says:

"As we understand it, there are only two questions in the case: one of fact as to the character of the tenancy—whether it was indefinite as to its termination, and, therefore, 'from year to year,' and, if so, whether, as matter of law, the end of the calendar year should be fixed for its termination. There seems to be no dispute that the first renting in June, 1882, was indefinite as to time, except requiring the rent 'monthly;' that, under the statute, was to June, 1883, and, the defendant having held over, it became a tenancy from year to year."

The case of *Godard v. Railroad Co.,* 2 Rich. 348, was quoted and approved in this case:

"If the act be substituted for the agreement of the parties, so that such a tenancy is limited to one year, then no notice is necessary at the end of that year. But if the tenant, by mutual consent, continues in possession after the year is expired, the statute has left the liabilities and rights of the parties as they are at common law, under the construction of the statute of frauds."

The opinion has in it this from 2 R. & L. Dict., title "Tenant:"

"Whenever one person holds land of another, and there is no express limitation or agreement as to the time for which it is to be held, then, if the rent is payable with reference to the divisions of the year (*e. g.,* quarterly), the tenancy is deemed from year to year."

The facts in the case show that the respondent began his occupancy in January, 1917, at a stipulated monthly rental, and for three successive years regularly attorned to his landlord, with no notice of any change, until after January 1, 1920. Under these facts he is not a tenant at will, but his Honor, Judge Shipp, was right.

The exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES HYDRICK and FRASER, concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.