### 11164

### SIMMONS v. MARTIN

(116 S. E., 441)

1. TRIAL—INSTRUCTION HELD NOT ERRONEOUS AS CONSTITUTING CHARGE ON FACTS.—A charge: "There is no dispute about the facts, but only about the inference to be drawn from them. The issues are chiefly of law and of statute law at that"—*held* not erroneous as constituting a charge on the facts.

2. TRIAL—CHARGE AS TO RIGHTS BETWEEN LANDLORD AND TENANT'S MORTGAGE HELD ERRONEOUS AS SUBMITTING QUESTION OF LAW.—A tenant at will held over under a lease which had terminated on the date of its expiration by the express provisions of Civ. Code 1912, § 3501, after notice that an increased rental would be charged there-

after. Under Section 3502 the new holding would have been for a year at most; it was not a tenancy from year to year. The tenant's goods were taken under a chattel mortgage, but subsequently the landlord seized them under a distress warrant for rent and sued the mortgage creditor to determine right of possession. *Held,* that it was error to charge that, if the rent contract antedated the mortgage, to find for plaintiff, but, if the mortgage antedated the contract, to find for defendant, leaving it to the jury to say whether the change in rental made a new contract.

3. LANDLORD AND TENANT—A TENANCY OF INDEFINITE DURATION CONTINUING FROM YEAR TO YEAR BECOMES A TENANCY FROM YEAR TO YEAR.—A contract that originates in a tenancy of indefinite duration and is continued from year to year becomes a tenancy from year to year.

Before ANSEL, J. County Court, Greenville. Reversed and new trial ordered.

Action by .W. B. Simmons against Annie L. Martin. Judgment for plaintiff and defendant appeals.

*Mr. H. P. Burbage,* for appellant. No citations.

*Messrs. Mauldin & Love,* for respondent, cite: *Not error to read from reported case to the jury:* 110 S. C., 440; 112 S. E., 919. *And apply the law in his own language:* 95 S. C., 306; 95 S. C., 397. *Lien of landlord prior to mortgage executed after tenancy begins:* 107 S. C., 411; 72 S. C., 556. *Counsel must present request embodying law he wants charged:* 108 S. E., 95; 112 S. E., 919; 100 S. C., 435. *Charge must be considered as a whole:* 103 S. C., 343. *Grounds for motion must appear in record:* 73 S. C., 434; 96 S. C., 346. *No motion made for directed verdict and exception will not be considered:* 101 S. C., 349.

March 19, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff bought a store in the City of Greenville, in February, 1920. At the time of the purchase the store

was occupied by E. L. Miller. Miller was in under a written lease that did not expire until October 1st of that year. Some time in the spring Miller sold out to a man named Stansell. Miller gave a chattel mortgage to the defendant, Mrs. Martin, before the sale to Stansell. This mortgage was not recorded until October 2, 1920. Before the expiration of the lease, the plaintiff told Stansell that after the 1st of October he would require $150.00 per month instead of $75.00, set out in the written lease, payable on the 15th of the month, instead of the 1st as required by the written lease. As to these changes, Stansell said nothing. The rent was paid up to October 1st. On the 7th of December the plaintiff went to the premises to see Stansell, and while there the Sheriff came in with Mrs. Martin's mortgage and took possession of the mortgaged property. On the next day (the 8th of December), the plaintiff issued his distress warrant and seized the property for rent in arrears. The property was put into a house belonging to Mrs. Martin, and this action was brought to determine the right to the possession. The jury found for the plaintiff, and the defendant appealed. The exceptions are as to alleged errors in the charge to the jury.

I. The first assignment of error is that his Honor charged on the facts when he charged: ·

"There is no dispute about the facts, but only about the inference to be drawn from them. The issues are chiefly of law and of statute law at that."

The error alleged is that these words constitute a charge on the facts. This assignment of error cannot be sustained. These words do not constitute a charge on the facts.

II. The next assignment of error is that his Honor the presiding Judge, charged that this case is governed by *Morgan v. Bobo,* 107 S. C., 280; 92 S. E., 720, and that he made that case the text of his charge. This was error. His Honor told the jury that, if the

contract in this case antedated the mortgage, then to find for the plaintiff, but, if the mortgage antedated the contract, then to find for the defendant. His Honor left it to the jury to say whether a change in the monthly rental made a new contract. His Honor should have charged what constituted a new contract, and what facts would constitute a survival of the old contract. This case and the case of *Morgan v. Bobo* are very different. In *Morgan v. Bobo* the tenancy was from year to year. There were no facts in this case that would warrant a finding of a tenancy from year to year.

A contract that originates in a tenancy of indefinite duration and is continued from year to year becomes a tenancy from year to year. When a tenancy starts for a definite period, and after the expiration of the contract period continues from year to year, it may be converted into a tenancy from year to year, and the original contract may survive, with the additional rights of a tenancy from year to year.

Our statute (Code of Laws of South Carolina, Vol. 1, § 3501), provided:

"Every lease or written agreement hereafter to be entered into, for the renting and leasing of lands and tenements, shall absolutely, and unequivocably end and terminate at the period therein stated, without it being obligatory on the tenant or the landlord to give the notice required by law."

As a matter of law the contract terminated on the 1st of October, 1920. The tenants then became tenants at will, and would have continued as such until it ripened into a tenancy from year to year.

Under Section 3502 the new holding is understood to have been for one year, at most, if, indeed, there was a new contract.

These questions have not been argued, and the nature of the new holding is left open, but it was misleading to charge the law as to tenants from year to year.

There are other portions of the charge complained of, but the fundamental error was in the application of *Morgan v. Bobo* to this case.

The judgment is reversed and a new trial ordered.

Mr. Chief Justice Gary and Mr. Justice Watts concur.

Mr. Justice Marion concurs in result.