14434

McNULTY v. WINDHAM

(189 S. E., 754)

*Mr. W. S. Utsey,* for appellant,

*Messrs. Alva C. DePass* and *Harold Eubanks,* for re-
spondent,

February 9, 1937.

The opinion of the Court was delivered by Mr. Justice
Fishburne.

The respondent, H. D. Windham, is a tenant occupying
the premises known as Marmac Hotel Barbershop, in the
City of Columbia. The appellant brought this proceeding
under Section 8813 of the Code 1932, before a magistrate
in Richland County, to dispossess the tenant upon the ground
that he was a tenant at will holding over. The matter was
heard by the magistrate and a jury on July 7, 1936, and
resulted in a verdict for the appellant for the possession of
the premises. Thereafter the respondent appealed to the
Court of Common Pleas for Richland County, which re-
versed the decision of the magistrate Court, and held that
the tenancy of the tenant was from year to year. This ap-
peal is from the order of the Circuit Court, and involves
the correctness of that Court's conclusion.

The undisputed testimony shows that the tenant entered
into a parol lease for an indefinite term, in September, 1932,
the lease providing for the payment of a weekly rental of
$14.00, and that the tenant continuously paid this rent from
that time up until the commencement of this proceeding,
without anything further being said about the terms of the
lease, and without any change in its terms. On May 30,
1936, the landlord gave the tenant notice to vacate the prem-
ises on July 1, 1936. The tenant, Windham, refused to
surrender possession, and, in his return, advanced the claim
that his lease had ripened into a tenancy from year to year,
and that he was entitled to a notice of three months, looking
to the end of the current or calendar year of 1936, in order
to terminate the same.

The appeal in this case raises the single question: What
was the nature of the tenancy?

The Circuit Judge held that under the pleadings and the testimony, taken in connection with Section 8806 of the Code, it was a tenancy from year to year, which looks to the end of the calendar year for its termination.

We think the decision in this case is controlled by *Wilson v. Rodeman*, 30 S. C., 210, 8 S. E., 855, 857. In that case, which dealt with a parol ease for an indeterminate term, the Court said: "As we understand it, there are only two questions in the case—one of fact as to the character of the tenancy—whether it was indefinite as to its termination, and therefrom 'from year to year,' and, if so, whether, as matter of law, the end of the calendar year should be fixed for its termination. There seems to be no dispute that the first renting in June, 1882, was indefinite as to time, except requiring the rent 'monthy'; that, under the statute, was to June, 1883, and, the defendant having held over, it became a tenancy from year to year. As was said in the case of *Godard v. Railroad Company*, 2 Rich. [346], 348: 'If the act be substituted for the agreement of the parties, so that such a tenancy is limited to one year, then no notice is necessary at the end of that year. But if the tenant, by mutual consent, continues in possession after the year is expired, the statute has left the liabilities and rights of the parties as they are at common law, under the construction of the statute of frauds.' The facts in all respects answered the definition of a tenancy from year to year. 'Whenever one person holds lands of another, and there is no express limitation or agreement as to the time for which it is to be held, then, if the rent is payable with reference to the divisions of the year (e. g., quarterly), the tenancy is deemed to be "from year to year."' 2 R. & L. Law Dict, tit. 'Tenant.' "

This case was later reaffirmed in *Maynard v. Campbell*, 115 S. C., 226, 105 S. E., 351.

In our opinion, the Circuit Court was correct in the case at bar in holding that the tenancy became a tenancy from year to year, which looked to the end of

the calendar year 1936, and that the respondent was entitled to a reasonable notice, before the end of that year, of the termination of the lease. The tenant, however, was not· entitled to a notice of three months immediately preceding the end of the calendar year, but, as we have stated, only to a reasonable notice, the determination of which is always a question for the jury under all the facts and circumstances in any particular case. *Jones v. Spartanburg Herald Co.,* 44 S. C., 526, 22 S. E., 731.

The exceptions are overruled,·and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER  concur.