14896

SEIBELS *ET AL.* v. WILLIAMS

(3 S. E. (2d), 484)

*Mr. W. M. Graydon,* for appellant.

*Messrs. Murphy & Cain,* for respondent.

June 12, 1939.

The opinion of the Court was delivered by MR. L. D. LIDE, ACTING ASSOCIATE JUSTICE.

This proceeding was commenced before one of the magistrates for Richland County to eject the appellant, as a tenant of respondents, as landlords, from a hotel or rooming house consisting of the second and third floors of the building at 1209 Main Street in Columbia. The judgment of the magistrate being in favor of the landlords, the tenant appealed to the County Court, and Hon. A. W. Holman, the Judge thereof, by his order dated October 18, 1938, affirmed the judgment of the magistrate and ordered that the appellant vacate the premises on or before the 26th day of October, 1938. This appeal comes to us from the County Court and raises the single question: What was the character of the tenancy? Or more specifically: Was the appellant a tenant from year to year or a tenant from month to month?

The tenancy commenced on January 1, 1935, under a written lease of that date, the habendum clause of which is as follows: "To have and to hold the said premises unto the said Lessee, his Executors, Administrators, Successors, and Assigns, for the full term of One (1) Month commencing on the first day of January, 1935, and ending on the last day of January, 1935, yielding and paying therefor at the rate of Seventy and No/100 ($70.00) Dollars per month, payable $35.00 on the first and fifteenth of each month."

And the lease contains the following further provisions in regard to the term thereof: "And it is further agreed that unless One (1) month's notice, in writing, be given previous to the expiration of the period herein specified by the Lessor to the Lessee of Lessor's desire to have possession of the premises, or to change the condition of the lease after the expiration, or the like notice to be given by the Lessee to the Lessor of Lessee's intention to vacate the premises after such expiration; then it is hereby agreed that this Lease will

be considered as extending and binding in all of its provisions for One (1) Month after such expiration; and so continue from month to month until such notice be given by either party previous to the expiration of such extended term." ·

It appears that Harry Williams, the tenant and appellant herein, continued in possession for a period of more than three years, but that some time during the year 1938, the exact time not being stated in the record, the landlords gave one month's written notice to him of their desire for the possession of the premises, and upon his failure to surrender such possession this proceeding was commenced. The contention of the appellant is that the lease being ambiguous and indefinite in its terms, it ripened into a tenancy from year to year, and that he was entitled to the possession of the premises for the remainder of the calendar year of 1938, to wit, until January 1, 1939. The landlords, however, contend that the lease by its express terms shows that the tenancy was one from month to month and was terminable upon one month's written notice, which was duly given.

In the case of *McNulty v. Windham*, 182 S. C., 462, 189 S. E., 754, the Court had under consideration the nature of a tenancy from year to year, and reviewed some of the earlier decisions, reaffirming the doctrine that when one person holds lands of another and there is no express limitation or agreement as to the time for which the same is to be held, then if the rent is payable with reference to the divisions of the year, the tenancy is deemed to be from year to year—a tenancy which looks to the end of the calendar year for its termination; and in such case the tenant is entitled to a reasonable notice, before the end of the year, of such termination. See also *Maynard v. Campbell*, 115 S. C., 226, 105 S. E., 351, and *Simmons v. Martin*, 123 S. C., 349, 116 S. E., 441, 442. In the latter case the Court said: "A contract that originates in a tenancy of in-

definite duration and is continued from year to year becomes a tenancy from year to year."

A tenancy from year to year, however, is implied only in the absence of an express contract. *National Bank of S. C. v. People's Grocery Co.*, 153 S. C., 118, 150 S. E., 478. Hence if the lease in the case at bar by its terms expresses the character of the tenancy it is controlling. Appellant's theory that he is a tenant from year to year is based upon his contention that the lease is uncertain and ambiguous as to its termination, for the reason that the term of the lease is for one month only, but it provides that it will continue for a month after its expiration, unless one month's notice in writing to the contrary be given prior to the expiration, by the lessor or the lessee, and that it was never contemplated that the lease would be for only one month, because if so the landlords would have had to give notice to quit contemporaneously with the execution of the lease. It is rather apparent that the lease was drawn according to a form which contemplated a longer first term than one month (or perhaps a blank was used). For if the term of one year, for example, should be substituted for the term of one month and the lease read in the light of this supposed change no incongruity will be found in the language thereof; while to provide for the termination of a one-month lease by one month's notice is rather unusual. However, it cannot truly be said that the lease as written is really incoherent, although the first term thereof is only one month, because either party might have given the notice immediately upon the execution of the lease. And indeed it is quite true that very probably the parties did not contemplate exercising the right to an early termination for the tenant was allowed to remain in possession under the lease for more than three years.

But even if any ambiguity can be found in the lease, there is none in that portion of it which provides for its continuance from month to month. Indeed, the

plain language of the lease is that after the expiration of the first period plus one month, if no notice has been given, the lease shall "so continue from month to month until such notice be given by either party previous to the expiration of such extended term." Upon a careful consideration of the lease as a whole we think it definitely created a tenancy from month to month, and that the judgment of the magistrate as affirmed by the County Court was correct.

The judgment of the County Court is affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.