15903

CROFT v. FAUST

(40 S. E. (2d), 801)

*Mr. William M. Smoak,* of Aiken, for Appellant,

*Messrs. Frampton W. Toole* and *John E. Stansfield,* of Aiken, for Respondent,

January 2, 1947.

Mr. Associate Justice Oxner delivered the unanimous opinion of the Court.

This proceeding was brought by respondent, as landlord, to eject appellant, a tenant, from a dwelling located on Marlboro Street in the city of Aiken. The case was heard by one of the magistrates of Aiken County and a jury, resulting in a verdict and judgment in favor of the landlord. On appeal to the Circuit Court, the judgment was affirmed. This appeal followed. The only question necessary for us to determine is the character of the tenancy.

Appellant entered into possession of the premises on May 1, 1942, under a parol lease. The property was then owned by one B. R. Permenter. The rent agreed upon was $26.25 per month which was thereafter regularly paid by appellant to the agents of the landlord. On January 3, 1946, Permenter sold the house and lot to respondent, who on January 16th gave written notice to the tenant of the termination of the verbal lease and demanded possession of the premises. Appellant failed to vacate and thereafter on July 12, 1946, the proceeding for ejectment was commenced. The monthly rent was paid to respondent after she acquired the property.

There is a sharp conflict in the testimony as to the character of the verbal lease made in 1942. The rental agents of the then owner of the property testified that when appellant sought to rent the house, they advised him that they only had auhority to rent the premises from month to month, to which appellant replied that this arrangement would be satisfactory as his plans were unsettled and he did not care to rent by the year; and that it was expressly agreed that the premises would be rented from month to month with the right of either party to terminate the tenancy upon giving thirty days' written notice to the other. Appellant testified that he made the rental agreement directly with Permenter; that he advised Permenter that the nature of his business was such as to require him to live in Aiken at least a year and probably longer whereupon "Mr. Permenter

agreed to rent me the house provided I would stay there permanently". Permenter, the former owner, denied making any agreement with appellant, stating that the lease agreement was made by his rental agents who had authority to rent the premises only from month to month.

Appellant contends that he entered into possession under a verbal lease of indefinite duration and that the premises having been occupied by him continuously since, the tenancy has ripened into one from year to year which entitled him to reasonable notice of its termination looking to the end of the calendar year. Respondent, on the other hand, contends that the tenancy rested upon an express agreement that it should be from month to month, with the right of either party to terminate it upon thirty days' notice; and that such notice was given to appellant.

The jury in the Magistrate's Court, as well as the Magistrate, evidently accepted the version of the transaction given by respondent's witnesses. The Circuit Judge reached the same conclusion. He said: "After a careful consideration of all of the evidence, I find that the original rental was not for an indefinite or unlimited period, nor was it made for one year. The preponderance of the evidence shows, and I so find as a fact, that there was an express contract that the rental should run from month to month, and that either party could terminate it upon thirty days' notice".

The foregoing factual findings are not open to review here. We must, therefore, determine the character of the tenancy from respondent's testimony.

If the parties had left indefinite the term of the verbal lease, the law would have implied from the circumstances of this case a tenancy from year to year, and appellant would have been entitled to hold the premises to the end of the calendar year in which he was given notice to vacate. *Wilson v. Rodeman,* 30 S. C., 210, 8 S. E., 855; *Maynard v. Campbell,* 115 S. C., 226, 105 S. E., 351; *McNulty v. Windham,* 182 S. C., 462, 189 S. E., 754. All of these cases involved verbal leases for an indefinite term under which the rent was to be paid weekly or monthly. The

implication of a tenancy from year to year is merely one of fact. Such a tenancy is implied as a matter of law only in the absence of an express contract. *National Bank of South Carolina v. Peoples Grocery Co. et al.*, 153 S. C., 118, 150 S. E., 478; *Seibels et al. v. Williams*, 190 S. C., 449, 3 S. E. (2d), 484. Any implication or presumption of a tenancy from year to year is completely rebutted in the instant case by the evidence. Accepting as true, as we must on this appeal, the version of the contract as related by respondent's witnesses, the parties expressly agreed that the tenancy would be one from month to month with the right of either party to terminate it upon thirty .days' notice. The rights of the parties are to be determined by a fair construction of this contract which clearly negatives an intention to create a tenancy from year to year.

The contract here is very similar to that construed by the Court in *Seibels et al. v. Williams, supra*, where the tenancy was held to be one from month to month. It is true that the contract there was in writing, but this difference is of no importance in arriving at the intention of the parties.

Finally it is contended that the oral agreement made in 1942 is void under the Statute of Frauds. This question was not raised by the pleadings, by objection to the testimony offered in support of the contract, or otherwise in the Magistrate's Court. It is not referred to in the exceptions on appeal to the Circuit Court and was not considered by the Circuit Judge. It cannot be raised for the first time here. The question of the Statute of Frauds is, therefore, not properly before us and the exceptions relating thereto need not be considered.

We have determined the issues in this case without reference to the terms of Act No. 873 of the 1946 Acts of the General Assembly, 44 St. at L., page 2584. The parties apparently concede that their rights are governed by the law as it existed prior to the passage of the above Act.

Judgment affirmed.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Stukes and Taylor concur.