15970

BRUCE v. LYNCH

(43 S. E. (2d) 477)

*Mr. S. E. Colvin, Jr.,* of Greenville, for Appellant, cites:

*Messrs. Love, Thornton & Blythe,* of Greenville, for Respondent, cite:

*Mr. S. E. Colvin, Jr.,* of Greenville, for Appellant, in reply.

July 15, 1947.

FISHBURNE, Justice: The issues involved in this appeal arise out of an ejectment proceeding brought in one of the magistrate courts of Greenville County.

On April 3, 1943, Mrs. J. H. Bruce rented to H. K. Lynch a dwelling house owned by her on Crescent Avenue in the city of Greenville for a monthly rental of $45. Under this verbal lease of indefinite duration, he immediately occupied the premises, and has remained in possession ever since. Twice in the year 1945, Mrs. Bruce, desiring to bring the tenancy to an end, notified the appellant Lynch that she desired possession of the property, but possession was refused. The O.P.A. regulations were in force, and the tenant continued to pay rent, and Mrs. Bruce as landlord continued to accept it.

In September, 1946, Mrs. Bruce conveyed the property to her son, the respondent, J. M. Bruce, a returned veteran of four years service in World War II. After acquiring title, he served written notice upon appellant on September 21, 1946, that he desired the dwelling for his own occupancy, and directed him to vacate before November 3, 1946. Lynch refused to deliver possession of the dwelling, in consequence of which an ejectment proceeding was instituted on November 4, 1946, with the consent and sanction of the Office of Price Administration. By his return to the rule to show cause issued by the magistrate, Lynch contended that he was a tenant from year to year, and alleged that the rule to show cause was premature. So far as the record shows, he interposed no objection that the notice to quit served upon him did not look to the end of the calendar year. The matter came on for trial before the magistrate on December 11, 1946. He held that the tenancy was from year to year; that the tenant was entitled to remain in possession until the end of the calendar year—that is, until December 31, 1946—and that the

proceeding to evict could not be brought prior to that time. Hence, the rule was dismissed as being premature.

On January 2, 1947, without further notice to the tenant to vacate the premises, the magistrate, on the application of the plaintiff-landlord, served a second rule to show cause on Lynch, setting out the same grounds as those contained in the previous rule, namely, that Lynch was a tenant holding over, and had failed to surrender possession after written notice. This action was tried before the magistrate and a jury on January 24, 1947. By way of defense, Lynch denied that he was in unlawful possession of the premises, and contended that he was entitled to possession until April 3, 1947, by virtue of an alleged annual rental agreement entered into on April 3, 1943.

Upon the close of the testimony, the defendant moved for a directed verdict upon the ground that he was a tenant from year to year, and that requisite notice to quit looking to the end of the calendar year had not been given. And upon the further ground that he was entitled to remain in possession until April 3, 1947, under his alleged verbal lease. This motion was overruled and the cause was submitted to the jury, which returned a verdict for the plaintiff-landlord. Upon appeal being taken to the circuit court upon the same issues, the judgment of the magistrate court was affirmed.

The case now comes before us on two exceptions, the first of which assigns error to the lower court in failing to hold that the notice to vacate served upon appellant did not look to the end of the calendar year 1946. He has abandoned the position that his alleged verbal lease justified his occupancy until April 3, 1947 (which date has long since passed), and now maintains that as a tenant from year to year, without appropriate notice of termination, his tenancy runs throughout the year 1947.

> Holding as a tenant from year to year, appellant was entitled to reasonable notice of the termination of his tenancy; such notice to quit looking to the

end of the calendar year. *McNulty v. Windham,* 182 S. C. 462, 189 S. E. 754; *Croft v. Faust,* 209 S. C. 477, 40 S. E. (2d) 801.

But under the special circumstances of this case it would be extremely technical to hold that the notice to quit, although somewhat premature, fell so far short of common law principles as to render it nugatory.

On September 21, 1946, appellant was notified to vacate the premises on or before November 3, 1946. The original case before the magistrate was not tried until December 11th of that year, and it was then held by the magistrate that the tenant was entitled to remain in possession until the end of the calendar year 1946, and that a proceeding to evict could not be brought prior to that time. Immediately upon the expiration of the year 1946, that is, on January 2, 1947, the present action was instituted in a further effort to eject the tenant.

The record discloses that in June, 1945, September, 1945, and April, 1946, the original landlord, Mrs. J. H. Bruce, requested the appellant to vacate the premises. This was followed by the written notice of the present landlord that he wished possession not later than November 3rd. The case, as stated, was not tried until December 11th—20 days before the expiration of the calendar year 1946; and in our opinion, under the facts shown, there was substantially a continuing notice by reason of which appellant was fully advised that steps would be taken to eject him upon the termination of his legal rights—that is, at the end of the calendar year. The appellant could not have misapprehended the situation he deliberately closed his eyes. Formal notice would not have given him any more definite knowledge than he already possessed that his tenancy would terminate at the end of 1946.

The magistrate committed no error in leaving it to the jury to construe the evidence and decide whether the facts appearing in the record were sufficient to advise the tenant

that he would be ejected on the termination of the year 1946. To conclude otherwise would be to sacrifice' substance to form. In many of its features this case is analogous to *Floyd v. Floyd,* 4 Rich. 23, 38 S. C. L. 10.

This disposition of the case makes it unnecessary to pass upon the second exception relating to Act No. 873 of the 1946 Acts of the General Assembly Act April 3, 1946, 44 Stat. at Large, page 2584.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, J.J., concur.