PARROTT v. MALPASS.

1. REAL PROPERTY—LEASE—AGRICULTURAL LIEN—RENT.—A lease of agricultural lands, reserving a rental of five bales of cotton weighing 500 pounds, containing a provision limiting the amount of the lien on the crop to secure the rent to $125, cannot be construed to mean that the rental was $125.

2. IBID.—DISTRESS WARRANT—RENT.—A landlord may distrain for rent for land for agricultural purposes any property of the tenant, as in other cases.

Before WATTS, J., Darlington, March, 1896.   Reversed.

Action by Frank Parrott against R. V. Malpass, in claim
and delivery, for possession of certain personal property
distrained by defendant, as landlord, for rent for lands used
for agricultural purposes.   Magistrate gave judgment for
plaintiff.   Defendant appealed.   Circuit Court affirmed judg-
ment below.   Defendant appeals.

*Mr. C. S. Nettles,* for appellant, cites: 5 Rich., 59; 36
S. C., 497; 4 McC., 544; 33 S. C., 255; 20 S. C., 484; 36
S. C., 27; 12 Rich., 349; 19 S. C., 450; 23 S. C., 235; Harp.,
94; Owen, 84; 2 Taunt., 109; 13 M. & W., 534.

*Messrs. Townsend & Floyd,* contra, cite: 14 S. C., 162;
5 Rich. L., 241; 5 S. C., 241.

March 29, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES.   The appellant, Malpass, claiming
a balance of $90, as rent due him as landlord, by respondent,
Parrott, as tenant, caused to be seized, under a landlord's
distress warrant, certain goods of the tenant, found on the
demised premises.   The tenant, Parrott, brought an action
before a trial justice to recover the goods, alleging that the
rent had been paid before the seizure.   The issue turned on
the construction of the written contract of lease, the mate-
rial clauses being as follows: "And the party of the second
part, in consideration of the leasing of the premises as above
set forth, covenants and agrees to pay to the party of the
first part, as rent for the same, five bales of cotton weighing
500 pounds each, the same to be clean cotton, which shall
become due and payable and deliverable on or before the
15th day of October, A. D. 1895, at Darlington C. H., S. C.
And it is further agreed that, in order to secure the pay-
ment of the rent herein stipulated, the said party of the
first part shall have a lien for the same on the crop which
may be made during the year upon the said land, in prefer-
ence to all other liens existing or otherwise, to an amount

not exceeding $125, and all the remedies for the enforce-
ment of the same as provided by law."

The trial justice held that there was inconsistency in the
terms of the contract, that at the time of making the con-
tract five bales of cotton was worth $125, that the parties
so estimated it and fixed the rental accordingly; that the
payment of either five bales of cotton or $125 by the tenant,
Parrott, would discharge the debt, and that the tenant hav-
ing paid this amount before the seizure, the debt for rent
was satisfied, so he gave judgment for Parrott. This judg-
ment was affirmed by the Circuit Court, and it is now
sought to reverse same.

We have no difficulty whatever in reaching the conclu-
sion that the judgment below should be reversed. The
terms of the lease are plain and unambiguous. The rent
stipulated to be paid was five bales of clean cotton, each
bale weighing 500 pounds, to be delivered at Dar-
lington C. H., S. C., on the 15th day of October,
1895. The appellant was entitled to this cotton, or
its value, at the time fixed for payment. The payment by
the tenant of $125 does not discharge the debt for rent,
since the uncontradicted evidence was that such cotton was
worth $8\frac{1}{2}$ or $8\frac{2}{3}$ cents per pound on the 15th of October,
1895. The stipulation in second clause of the lease, above
quoted, is not inconsistent with the clause in which the
amount of the rent is stipulated. We construe this clause
of the lease as merely a limitation on the extent to which
the landlord could enforce his lien for rent under what is
known as the agricultural lien law, sec. 2399, Gen. Stat.,
appearing in sec. 2512, Rev. Stat. 1893. This statute, with-
out an express agreement for a lien, gives the landlord a
lien for the full amount of the rent to the extent of all the
crops raised on the land leased, and the landlord has the
same remedy to enforce this lien as is given persons making
advances for agricultural purposes. The lien and remedy
under this statute is limited by the clause in question to
$125. But, as held in *Sullivan* v. *Ellison*, 20 S. C., 484,

the landlord, in addition to this agricultural lien, enforceable according to the machinery of the statute, has also another right entirely distinct therefrom, the right to distrain for rent due, which belongs to all landlords without regard to whether the premises are used for agricultural purposes, and is not limited to the seizure of such crops as may be raised on the premises. This important right of the landlord cannot be held to have been waived in the contract of lease without some language expressive of such intent, and we find no such language in this lease.

The judgment of the Circuit Court is reversed, the judgment of the court of trial justice is reversed, and the complaint is dismissed.