6792

SIMPSON v. McDONALD.

RENT—LEASE—SUBSEQUENT CREDITOR.—A LANDLORD may seize and sell to pay rent due furniture sold by another to the tenant on a lease, the debt on which was past due when the tenancy began, where the lease is not recorded and the landlord had no actual notice of claim of lessee.

Before MEMMINGER, J., Sumter, June, 1907. Affirmed.

Action by F. R. Simpson against Ethel McDonald and H. Harby, executor of estate of Horace Harby. From order affirming judgment of Magistrate H. L. B. Wells, plaintiff appeals.

The magistrate's opinion is:

"This case came on for trial before me without a jury. The facts, briefly stated, are as follows:

"The plaintiff, before the tenancy commenced between his bailee and the landlord, delivered to Ethel McDonald a lot of furniture sued for and fully described in his affidavit, taking the papers in the case marked exhibits A, B, C, D, E, F. That his debt was past due on property stated, the sums reserved to be paid the plaintiff were past due, even before the tenancy began. That demand was made on defendants before suit brought, and the value of the property is admitted to be correctly stated on the part of the defendants.

"It is admitted that these papers were never recorded. That Ethel McDonald was a tenant of the defendant. That she was in arrears in payment of her rent fifteen dollars and that the property was seized under a distress warrant and in the possession of the defendant.

"The question presented for the court to decide is, Has the plaintiff or the defendant the better right to retain possession of the property?

"Under Section 2655, Volume I, it does not make any difference whether this is regarded as a rent or a sale, as they are both void as to subsequent creditors and purchasers for value without notice unless recorded. It was held in the case of *London* v. *Youmans,* 31 S. C., 147, 9 S. E., 775, that a party who purchased property under a sale made under a distress warrant for rent, took free of an unrecorded past due mortgage without notice.

"It was held in the case of *Wardlaw* v. *Troy Oil Co.,* 74 S. C., 368, 54 S. E., 568, that, by reason of the failure to record a chattel mortgage, a bank who subsequently loaned

money on a note even indorsed by other parties took precedence of the holder of the mortgage, which was for purchase money. In the case of *Ludden & Bates* v. *Southern Music House,* it was held that a purchaser of an organ leased by execution debtor and levied on and sold as his property, took it free from the lease.

"It appears then, from the decision of our Supreme Court, that a levy defeats a lease; that a contract creditor defeats a mortgage, and it is hard to conceive why a seizure under a distress warrant for rent would not have the same effect. That a landlord is a subsequent creditor is clear in this case, and his action in seizing the property, it seems to me, fixed his rights to subject it to the payment of his rent claims as fully and completely as a levy under execution or a subsequent mortgage would do.

"The only question to consider that throws any doubt on the case, and to me it is not as free as might be, is the position that no property not owned in the right of the tenant can be taken for distress of rent.

"Under all of the changes made in the law, it would seem to me, especially as the Legislature has extended the right of distress to property mortgaged by the tenant after tenancy has commenced, would necessarily imply that only property in which the tenant has no right at all was the only property to be exempt. It is the opinion of this Court that nothing but a purchase money mortgage or lease duly recorded can defeat the landlord from his right to subject property found on the premises, not actually sold to a *bona fide* purchaser or that comes within the exception of Statute 2655, from sale for rent after seizure.

"It follows, therefore, that, in the case before this Court, no question of excessive distress being made or considered, the defendant is entitled to the property, and I so find for the defendant the possession of the property in dispute or the value thereof if a delivery thereof can not be had."

*Mr. L. D. Jennings,* for appellant, cites:  26 S. C., 331; 36 S. C., 75, 274; 49 S. C., 4; 52 S. C., 551.

*Mr. Davis D. Moise,* contra, cites:  21 S. C., 224; 27 S. C., 417; 31 S. C., 147.

March 6, 1908.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.  It seems that one Ethel Mc-Donald leased certain furniture from the plaintiff, F. R. Simpson, merchant in Sumter, S. C.  More than forty days thereafter Ethel McDonald rented from the estate of H. Harby, deceased, a dwelling-house, and she having made default in the payment of the rent in the amount of fifteen dollars, the executor of the estate of H. Harby, deceased, seized said furniture under a distress warrant for rent. Thereupon F. R. Simpson brought this action of claim and delivery as the owner of said furniture.  The case came on for trial before H. L. B. Wells, Esquire, and at the trial it was made to appear that the plaintiff, F. R. Simpson, before the tenancy of the defendant, Ethel McDonald, with the estate of H. Harby, deceased, commenced, delivered to said Ethel McDonald a lot of furniture fully described in the papers marked Exhibits A, B, C, D, E and F; that such debt of the plaintiff, F. R. Simpson, was past due before the tenancy began; that demand was made on defendants before suit was brought and the value of the property admitted.

It also appeared that the papers held by F. R. Simpson against Ethel McDonald were never recorded, and that the defendant, H. Harby, as executrix of the estate of H. Harby, deceased, had no notice of the claims of the plaintiff, F. R. Simpson, against the defendant, Ethel McDonald.

The magistrate decreed in favor of the estate of H. Harby, deceased, holding that Mrs. Harby, as executratrix, had no notice of the rights of F. R. Simpson and was entitled, as landlord, to her rent.

From this judgment of the magistrate the plaintiff appealed, and when such appeal came on to be heard by Judge R. W. Memminger it was overruled and dismissed.

The parties now appeal to this Court, and their appeal practically raises but one question, whether Mrs. Harby, as landlord, is entitled to collect her suit by distress for rent, notwithstanding Ethel McDonald only held the property as lessor. It is no longer a question in this State that a lease or a mortgage unrecorded and without notice can not be made to divest the rights of subsequent creditors. *London* v. *Youmans,* 31 S. C., 147, 9 S. E., 775; *Wardlaw* v. *Troy Oil Co.,* 74 S. C., 368, 54 S. E., 568.

Let the magistrate's judgment be reported in this case.

It is ordered and adjudged that the appeal herein be dismissed.