## 9674 .

### HAMILTON v. BLANTON.   '   ·   ·

### (91 S. E. 275.)

1. Landlord and Tenant—Collection of Rent—Landlord's Remedy.
—In addition to the lien for rent given by statute, and the remedy therein prescribed for enforcing it, a landlord has another and distinct remedy for the collection of his rent by distress.

2. Landlord and Tenant—Levying of Distress Before Rent Due—Statute.—The fact that a landlord's rent was not due until November 1st did not prevent her from levying distress warrant on October 17th on cotton removed from the premises, within 10 days after the removal; Civ. Code 1912, sec. 4169, giving the landlord the right to proceed to collect his rent, even though it may not be yet due, when any part of the crop is removed from the rented premises, and the proceeds are not applied to the payment of the rent for the year.

3. Landlord and Tenant—Levy of Distress.—In levying a distress, the landlord may seize the tenant's goods if he can do so peaceably; but, if he is resisted, he must stop short of violating the law or committing a breach of the peace, and resort to the Courts to obtain possession of the tenant's goods to subject them to his lien.   ·

4. Landlord and Tenant—Lien for Rent—Cotton of Share-Cropper—Statute.—Under Civ. Code 1912, sec. 4162, giving the landlord ·a lien for rent on all crops raised on the leased lands by the tenant or other person, a landlord's lien for rent extended to and covered the share of a third person and the crop raised by him as a share-cropper with the tenant.   .   '

5. Landlord and Tenant—Landlord's Lien—Right to Follow Cotton—Statute.—Under Civ. Code 1912, sec. 3515, restricting the· landlord's right of seizure as distress to goods not sold in good faith and for value, and to such as belong to the tenant in his own right, but providing that nothing shall abridge the right of the landlord to take or seize any of such goods wherever they may be found when any tenant, after the contract 'of tenancy, shall mortgage the goods and chattels, where a share-cropper with a tenant executed a mortgage on crops, after the contract of tenancy had been. entered into, the landlord had a right to follow the cotton which had been set off to the share-cropper and delivered by him to his mortgagee.

6. Landlord and Tenant — Priority of Lien — Laborer's Lien on Crops—Statute.—Under Civ. Code 1912, sec. 4163, providing for a laborer's lien on crops, a share-cropper with· a tenant had a lien for his share of the crop next in priority with the landlord's lien for rent.

7. Landlord and Tenant—Landlord's Right in Crop.—By signing a mortgage of crops with her tenant, the landlord waived her right to her first lien for rent to the extent of the amount necessary to pay the mortgage debt, and, if the tenant delivered to the landlord and

the mortgagee more than enough cotton to pay the rent, the landlord had no right to the cotton set off to the tenant's share-cropper as his share of the crop.

Before MAULDIN, J., Dillon, October, 1915.   Reversed.

Action in claim and delivery by Caroline Hamilton against N. M. Blanton.   From a judgment for plaintiff, defendant appeals.

*Mr. Joe P. Lane,* for appellant, submits: *The landlord's remedy to enforce lien under Civil Code, 1912, secs. 4162, 4166, is exclusive;* and cites: 55 S. C. 499; 15 S. C. 552; 91 S. C. 123; 14 S. C. 40; 101 S. C. 355; 1 Corpus Juris. 989, par. 102; 20 S. C. 484, 485; 49 S. C. 6.   *Claim and delivery:* 70 S. C. 547; 102 S. C. 494.   *Distress for rent past due:* 26 S. C. 331; 10 S. C. 71; 24 Cyc. 1283, par. 1; 3 McC. 484; 2 Hill 484; 1 Strob. 14; Civil Code, secs. 3514, 3515, 4162-4166.

*Messrs. Gibson & Muller,* for respondent, cite: *As to lien:* Civil Code, sec. 4166; 3 McC. 39; Harper 337; 153 Fed. 504; 1 Am. Dec. 586.   *Claim and delivery:* 80 Am. St. Rep. 745; 38 Cyc. 2044; 1 McC. 392; 3 Rich. 296; 46 S. C. 574; 100 S. C. 323; 49 S. C. 7; 20 S. C. 484.

April 26, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff leased a farm to B. M. Prince for a term of three years, beginning January 1, 1914, at an annual rental of 9 bales of middling cotton of 500 pounds each, due November 1st each year.   To enable Prince to secure fertilizers for the year 1914, plaintiff joined him in executing a mortgage of all the crops raised on the premises to L. C. Braddy.   The date and amount of the mortgage is not stated.   Prince

share-cropped a part of the premises with Marcus Jackson, and Jackson gave the defendant, Blanton, a mortgage, dated May 1, 1914, on his share of the crop to secure him for advances. According to Prince's testimony, which is not disputed, he delivered to plaintiff and Braddy 23 bales of cotton, the whole of his part of the crop. The 4 bales in dispute were set off to Jackson as his share of the crop, and were delivered by him to Blanton on October 14th, in payment of Blanton's mortgage. On October 17th, plaintiff issued her distress warrant and attempted to seize these 4 bales for a balance alleged to be due her by Prince for rent. Blanton refused to surrender possession of the cotton to her agent, and she brought this action in claim and delivery and recovered judgment for the possession thereof.

The main contention of defendant is that plaintiff has no such title to or right to the possession of the cotton in dispute as will enable her to maintain an action for the possession thereof. His contention is that, as the lien for rent is given to the landlord by a statute (section 4162, vol. I, Code 1912) which prescribes the manner of enforcing the lien (section 4166), the statutory remedy is exclusive of all others. In support of this contention, defendant relies upon the cases of *Sternberger* v. *McSween,* 14 S. C. 35, and *Kennedy* v. *Reames,* 15 S. C. 548. But the principle decided in those cases is not applicable to the facts of this case. Besides other grounds of distinction that might be mentioned, it is sufficient to say that in neither of those cases was the action brought by a landlord, who, in addition to the lien for rent given by the statute and the remedy therein prescribed for enforcing it, has another and distinct remedy for the collection of his rent, to wit, by distress. *Sullivan* v. *Ellison,* 20 S. C. 481; *Parrott* v. *Malpass,* 49 S. C. 4, 26 S. E. 884.

In this case the landlord elected to pursue the remedy by distress, which she had the right to do. The fact that her

rent was not due until November 1st did not prevent plaintiff from levying her distress warrant on October 17th, within 10 days after the cotton was removed from the premises, for section 4169 gives the landlord the right to proceed to collect his rent, even though the same be not yet due, when any part of the crop is removed from the rented premises and the proceeds are not applied to the payment of the rent for the year. *Hamilton* v. *Stubbs,* 105 S. C. 157, 89 S. E. 554.

In levying a distress, the landlord may seize the tenant's goods, if he can do so peaceably; but, if he is resisted, he must stop short of violating the law or committing a breach of the peace, and resort to the Courts to obtain possession of the tenant's goods in order that he may subject them to his lien for rent. If the landlord could not, in such circumstances, sue to get possession of the tenant's goods, the remedy by distress would be practically worthless, for it could almost invariably be defeated by the tenant or others in possession thereof resisting seizure. In 24 Cyc. 1277, it is said that the landlord may sue in claim and delivery for possession of crops, to enforce his lien thereon where his right of possession is denied, or the tenant refuses to surrender possession, and this whether the crops be on the land or have been removed from it. And in 34 Cyc. 1392, it is said that replevin is the proper remedy for one who has a lien on chattels to obtain possession of which he is wrongfully deprived.

Section 3514, vol. I, Code 1912, regulating distress, provides that, when any tenant shall carry off from the demised premises his goods or chattels, the landlord, or his agent, may within 10 days thereafter seize the same wherever they may be found, as a distress for arrears of rent, and sell or dispose thereof as if they had been distrained on the premises; and, while section 3515 restricts the right of seizure to goods that have not been sold in good faith and for valuable

consideration and to such as belong to the tenant in his own right, that restriction is limited by this provision:

"That nothing herein contained shall interfere with or in any manner abridge the right of such lessor or landlord to take or seize any or all of such goods and chattels wherever they may be found as distress for arrears for rent, * * * when any tenant after the contract of tenancy has been entered into shall mortgage said goods and chattels."

By the terms of section 4162, the landlord is given a lien for rent on all the crops raised on the leased lands "by the tenant or other person." Therefore plaintiff's lien for rent extended to and covered the share of Jackson in the crop raised by him as a share-cropper with Prince, and, as Jackson's mortgage to Blanton was executed after the contract of tenancy had been entered into, the last sentence of the proviso to section 3515 above quoted is applicable, and would have given plaintiff a right to follow that cotton which had been set off to Jackson and delivered by him to Blanton, but for the circumstance next considered.

But, as hereinbefore stated, it appears that the plaintiff joined with Prince in a mortgage to Braddy of all the crops raised on the premises, and it further appears, if Prince's testimony be true, that more than enough cotton was delivered to plaintiff and Braddy by Prince to pay all the rent due to the plaintiff. Now, while plaintiff had a lien on all the crops raised on the rented land for the payment of her rent, including Jackson's share of the crop, clearly she had no right to wave her lien for rent to the detriment of Jackson, who, by the statute (section 4163), had a lien for his share of the crop next in priority to the lien of the landlord for rent. By signing the mortgage with Prince to Braddy, plaintiff waived her right to her first lien for rent to the extent of the amount thereof necessary to pay the mortgage debt, and, if Prince delivered to plaintiff and Braddy more than enough cotton to pay the rent, plaintiff has no right to the cotton set off to Jackson as his share of the

crop. *Hankinson* v. *Hankinson,* 61 S. C. 193, 39 S. E. 385. Judgment reversed, and new trial granted.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY, *dissenting.* I dissent on the ground that a mere lien on property does not give right of possession, which is necessary to sustain the action of claim and delivery. Also, because the landlord has only two remedies for the collection of his rent, one provided by statute and the other by distress. The statutory remedy is exclusive of all others, except that by distress. The action of claim and delivery shows that the rent could not be collected by distress. Therefore, the plaintiff should have resorted to the statutory proceedings which would have afforded complete relief. Claim and delivery is a legal action, and is not appropriate for adjusting equities between the parties. Quite a different case would be presented if the statute did not provide a more summary and complete remedy than by claim and delivery.