13012

FIDELITY TRUST & MORTGAGE CO. v. DAVIS *ET AL.*

(155 S. E., 622)

January, 1930.

*Mr. P. H. McEachin,* for appellants,

*Messrs. Wilcox and Hardee,* for respondent,

October 25, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This is an action in claim and delivery. The complaint alleges that the defendant E. V. Davis rented from the plaintiff a tract of land in Florence County for the sum

of $300.00, payable on October 15,1929; that the lessee failed to pay the rent when due, and plaintiff caused a distress warrant to be issued and levied upon certain cattle located upon the lands, belonging to, and then and now in the possession of the lessee; that the property was duly appraised for the sum of $240.00, which plaintiff alleges to be the value thereof; that the plaintiff is entitled to the immediate possession of the property, but that the lessee has failed and refused upon demand to deliver same; that the defendant J. W. Davis claims some interest in the cattle, but plaintiff alleges his claim is unfounded.

Chesley Mae Jeffords, claiming to own some of the cattle, was made a party defendant.

All three defendants answered, but none of them denied the allegations of the complaint as to the rental of the tract of land in question by E. V. Davis for the alleged rental of $300.00, and the non-payment thereof. They deny that E. V. Davis was the owner of the property seized, and alleged that some of the cattle belonged to J. W. Davis and the remainder was the property of Chesley Mae Jeffords, children of the tenant E. V. Davis. The defendants asserted, and offered some testimony to substantiate their claims, that the cattle were in the possession of E. V. Davis under a temporary arrangement. The agreements between Davis and his children were not matters of public record, under any provisions of our laws as to the registration of written instruments; in fact, they were not even reduced to writing. The plaintiff, in justification of its right to seize the cattle, urges the failure of the defendants to comply with those laws.

The trial resulted in a directed verdict in favor of the plaintiff. The presiding Judge held that the bailment statute (Section 5519, Volume 3 of the Code of 1922) required the agreements between the defendant Davis and his children to be reduced to writing and recorded, and that the failure to do this operated to prevent their recovery of the

cattle. The defendants J. W. Davis and Chesley May Jeffords, appeal to this Court.

The case involves questions realating to the difficult and confusing subject of the law as to distress for rent. Much of this confusion has occurred because of repeated legislative enactments pertaining to the subject. A review of the law from time to time in our State may be of some interest, and we undertake it, even with the realization that in doing so we may not aid in clearing up the confusion now appearing. It may be not out of place for us to suggest that the General Assembly might do well to write entirely new laws on the subject, for the purpose of making clear the legislative intent as to these matters.

It appears from the evidence that plaintiff and one W. A. Hewitt entered into a written rental contract, whereby plaintiff leased to W. A. Hewitt a tract of land known as the L. J. Hewitt place, for the year 1929, for $300.00, payable on or before October 15, 1929. Hewitt never entered upon the premises at all, but E. V. Davis did take possession. Plaintiff had no notice that Hewitt was not on and in possession of the land until some time in May or June, 1929, when one of its officers was on the land, and for the first time learned that Davis was in possession. There was no contract then between plaintiff and Davis, and, consequently, no rent reserved. No distress will lie except for rent expressly reserved. *Jacks v. Smith,* 1 Bay (1 S. C. L.), 315; *Smith v. Sheriff,* 1 Bay (1 S. C. L.), 443; *Marshall v Giles,* 3 Bre. (5 S. C. L.), 488; *Reeves v. McKenzie,* 1 Bailey (17 S. C. L.), 497; 16 R. C. L., 1004; 36 C. J., 536 et seq.

It seems, however, that Davis claims that he entered under some kind of an arrangement between himself and Hewitt, and that he was to carry out Hewitt's contract, and since the allegations of the complaint that plaintiff rented the place to Davis, and that the rent had not been paid, are not denied in the defendants' answers, they must be deemed as admitted. Since the parties

have treated the rental contract as one between plaintiff and Davis, we shall also so consider it, and proceed upon the theory that the rental of $300.00 was expressly reserved as between plaintiff and Davis.

■ At common law, a landlord had no lien upon the personal property or crops of his tenant merely by the relationship, and the forcible taking of possession of the tenant's property by the landlord gave the latter no interest in such property. 36 C. J.. 479; 16 R. C. L., 975. But at common law the landlord had the right of distress for rent in arrears, whereby he could seize whatever movables he found on the premises, and could hold them until the rent was paid. 36 C. J., 534 et seq.; 16 R. C. L., 1003 et seq.; *Davis v. Arledge,* 3 Hill (21 S. C. L.), 170, 30 Am. Dec., 360; *Youngblood v. Lowry,* 2 McCord (13 S. C. L.), 39, Am. Dec., 698.

The Act of Dec. 12, 1712 (2 Stat., 401), putting in effect the several English statutes therein mentioned, included the statute of 8 Ann. C., 14, entitled: "An Act for the better security of rents, and to prevent frauds committed by tenants." 2 Stat., 547. The statute of II Geo., 2-C., 19, was never enacted in this State but it was said in several early cases [*City Council of Charleston v. Price,* 1 McCord (12 S. C. L.), 299; *Pemble v. Clifford,* 2 McCord, (13 S. C. L.), *Hamilton v. Reedy,* 3 McCord (14 S. C. L.), 38] that it was adopted in practice, and, on authority of these cases, this statute was inserted in the appendix to the English statutes made of force in this State in 2 Stat., 572.

By Section 20 of the Act of Sept. 24, 1868 (14 Stat., 106), distress for rent, as heretofore existing, was abolished. Section 20 of the Act of 1868 was incorporated as Section 15 of chapter 84 of the Revised Statutes of 1872.

By chapter 147 of the Revised Statutes of 1872, the Act of 1712( 2 Stat., 401), was expressly repealed and this included the statute of 8 Ann. C., 14 (2 Stat., 547).

By Act of June 8, 1877 (16 Stat., 264), Section 20 of the Act of 1868 (14 Stat., 106), was stricken out, and the rights and remedies in such cases existing before the passage of that Act were restored.

By Act of March 18, 1878 (16 Stat., 511), Section 15 of Chapter 147 of the Revised Statutes as repealed, the statute of 8 Ann. C., 14 (2 Stat., 547), was re-enacted and made of force in this State, with the proviso "that no property shall be seized under a distress warrant for rent except such as belongs to the tenant in his own right." *Mobley v. Dent,* 10 S. C., 471; *Wallace v. Johnson,* 17 S. C., 454.

It is thus seen that, by the Act of 1878, the landlord was restricted in his right of distress to the property owned by his tenant in his own right.

By Act of Dec. 24, 1892 (22 Stat., 114), the Act of 1878 was amended by adding thereto the proviso: "That nothing herein contained shall interfere with, or in any manner abridge the right of, such lessor or landlord to take or seize any or all of said goods and chattels, wherever they may be found, as a distress for arrears of rent, when any tenant so in arrears shall make an assignment for the benefit of his creditors." By the Act of Feb. 1898 (23 Stat., 784), it was further amended by adding the words, "or when any tenant after the contract of tenancy has been entered into shall mortgage said goods and chattels." *Hamilton v. Blanton,* 107 S. C., 142, 92 S. E., 275.

By the Act of Feb. 27, 1899 (23 Stat., 81), now Section 5286 of the Civil Code 1922, the landlord was precluded from distraining upon the personal property of his tenant, if such tenant placed a mortgage thereon, first, before the rent contract is entered upon, or, second, before such property is brought upon the rented premises, unless the landlord first pays the mortgage debt. If the mortgage comes within one of these exceptions, it takes precedence over the rent claim, otherwise not. *Morgan Silver Plate Co. v. Bobo Undertaking Co.,* 107 S. C., 280, 92 S. E. 270.

An Act of March 4, 1878 (16 Stat., 410), gave to the landlord a prior and preferred lien for rent to the extent of one-third of all crops raised on his lands, and provided for the manner of enforcing the same. By another Act of Dec. 23, 1878 (16 Stat., 743), this lien was extended to all crops raised on the land leased by the landlord whether raised by the tenant or other persons. By the Act of March 4, 1878 (16 Stat., 410), and Act Dec. 24, 1880 (17 Stat., 413), a lien for rent when for more than one-third of the crops was required to be filed and indexed in the office of the Clerk of Court.

By an Act of Dec. 23, 1885 (19 Stat., 146), the landlord was given a prior lien upon the crops of his tenant, the laborer second lien thereon for the amount due him for labor, and all other liens for agricultural supplies were made third in priority, and this law further provided that no writing shall be necessary to create the lien of the landlord, but such lien shall exist from the date of the contract whether the same be in writing or verbal.

The statute of 8 Ann. C., 14 (2 Stat., 547), as amended from time to time, as above indicated, is now of force in this State, and is incorporated in the Civil Code of 1922 as Sections 5283 to 5291, inclusive.

The Act of March 4, 1878 (16 Stat., 410), and amendments thereto, as above indicated, giving the landlord a lien on the crops of the demised premises, is embraced in the 1922 Civil Code as Sections 5692 to 5695, inclusive.

It is thus seen that these statutes give a landlord no lien on the personal property of his tenant, other than on the crops raised on the demised premises for rent due by his tenant. While the landlord has no lien on such personal property, yet the statutes have preserved to him, in a modified form, his common-law right to distrain on such property.

While a landlord has a lien for rent on crops raised on the demised premises, yet he has also the remedy of collecting his rent by distress. *Sullivan v. Ellison,* 20 S. C., 481; *Parrott v. Malpass,* 49 S. C., 4, 26 S. E., 884; *Hamilton v. Blanton,* 107 S. C., 142, 92 S. E., 275.

The right of the landlord to distrain is subject to the following prerequisites: The distress must be (1) for rent only (16 R. C. L., 1005); (2) when the relation of landlord and tenant exists [36 C. J., 536; 16 R. C. L., 1004; *Stewart v. Gregg,* 42 S. C., 392, 20 S. E., 193; *McKenzie v. Roper,* 2 Strob. (33 S. C. L.), 306; *Reid v. Stoney,* 1 Strob. (32 S. C. L.), 182]; (3) when the rent reserved is certain [16 R. C. L., 1006; 36 C. J., 538; *Stewart v. Gregg, supra; Reeves v. McKenzie,* 1 Bailey (17 S. C. L. 497); *Marshall v. Giles,* 3 Brev. (5 S. C. L.), 488; *Benoist v. Sollee,* 1 Brev. (3 S. C. L.), 251; *Smith v. Sheriff,* 1 Bay (1 S. C. L.), 443; *Jacks v. Smith,* 1 Bay (1 S. C. L.), 315]; (4) when the rent is in arrears [16 R. C. L.), 1007; 36 C. J., 539; *O'Farrell v. Nance,* 2 Hill (20 S. C. L.), 484; *Brown v. Duncan,* Harp (16 S. C. L.), 337; *Bailey v. Wright,* 3 McCord (14 S. C. L.), 484], provided that the landlord may distrain before such rent becomes due, in the event the tenant removes such property from the rented premises, if such distress be made within ten days from date of such removal (Section 5284, Civ. Code 1922, *Hamilton v. Blanton, supra);* (5) when the property belongs to the tenant in his own right (Act of 1878 as amended Section 5285, Civ. Code 1922; *Ex parte Knobeloch,* 26 S. C., 331, 2 S. E., 612; *Bischoff v. Trenholm,* 36 S. C., 76, 15 S. E., 346).

An analysis of the authorities will admit of the following propositions: (1) The landlord is entitled to as much as one year's rent in arrears to be paid by the execution, or other creditor, before the goods of his tenant can be seized under execution or other pretense. Section 5283, Civ. Code 1922. But this provision is subject

to the amendment of 1878, limiting the distress to the property of the tenant owned in his own right. *Dial Warehouse Co. v Levy*, 39 S. C., 265, 17 S. E., 776. (2) The landlord is precluded from distraining upon his tenant's property over which the tenant gave a mortgage (a) before the rent contract was entered upon, or (b) before such property was brought upon the demised premises, unless the landlord first pay the mortgage debt. Section 5286, Civ. Code 1922; *Morgan Silver Plate Co. v. Bobo Undertaking Co.*, 107 S. C., 280, 92 S. E., 720. (3) The landlord may distrain upon the personal property of his tenant, even though the tenant has made an assignment for the benefit of his creditors or put a mortgage thereon, provided such assignment or mortgage be executed after the contract of tenancy has been entered upon. Section 5285, Civ. Code 1922.

In the case at bar, it appears that some crops were raised by the tenant, E. V. Davis, on the demised premises for the year 1929. Unquestionably, plaintiff had a statutory lien on such crops for its rent. In addition to this, it had the right to distrain upon such crops for the rent. Also, it had the right to distrain upon any other personal property on the premises the tenant owned in his own right. It does not appear that plaintiff made any effort to collect its rent out of the crop, but sought to collect by distraining the cattle found upon the premises. Since it had no right to distrain upon any property found upon the premises, unless such property belonged to the tenant in his own right, it follows that, if the property seized under the distress warrant belonged in fact to the tenant's children, then the distress was without warrant of law. The ownership of the cattle was necessarily a question of fact, and there was some evidence tending to show they belonged to the appealing defendants and not to their father, the tenant.

It is contended by the respondent, however, that, conceding the property seized to be the property of the children of the tenant, nevertheless, such property was

liable for rent, since there was no written agreement between the tenant and his children, either as vendor and vendee or bailor and bailee, recorded as required by Section 5519 of the Civil Code 1922. If the plaintiff, as landlord, is a subsequent creditor, then there can be no question that any unrecorded agreement between the tenant, Davis, and his children would be void as against such subsequent creditor, and this is true, even though the credit was not extended on the faith of the property in question. *Wardlaw v. Troy Oil Mill,* 74 S. C., 368, 54 S. E., 658, 114 Am. St. Rep., 1004. But this fact alone cannot give the landlord the right to distrain upon such property.

The plaintiff's counsel regard the case of *Simpson v. McDonald,* 79 S. C., 277, 60 S. E., 674, as conclusive of their position. We are inclined to think otherwise. The statement of facts in that case is not as full as it might have been, but, from those given, we learn that the plaintiff, Simpson, leased certain furniture to Mrs. McDonald, that his debt was past due on the property before the tenancy began, and that the lease was unrecorded. If the lease was regarded as a reservation of title in Simpson until the purchase price was paid, then the furniture never had belonged to Mrs. McDonald. If it be regarded as a mortgage, then the legal title reinvested in the plaintiff, since the indebtedness secured thereby was past due. It is immaterial, therefore, if the so-called lease be regarded as a mortgage, a conditional sale, or a bailment agreement, for, in either case, the legal title was in the plaintiff Simpson, since Mrs. McDonald was not the owner in her own right, and the landlord had no right to distrain thereon. So much of the opinion in that case that held that the landlord was entitled to distrain upon such property was contrary to the well-established prior rule in this State, and, we may repeat what was said in *General Motors Acceptance Corporation v. Hanahan,* 146 S. C., 257, 143 S. E. 820, 826: "We have very grave doubts as to the correctness of the decision of *Simpson v. McDonald.*"

It is clear, we think, that the landlord in *Simpson v. Mc-Donald, supra,* had no right to distrain upon the property of Mrs. McDonald, since she did not own the property in her own right. If the landlord had no right to distrain upon such property, then the law applicable in that case and the case at the bar is identical, both depending upon the statute now appearing as Section 5519 of the Civil Code 1922.

We think the landlord is a subsequent creditor within the meaning of this section, and, as between him and a third party claiming under an unrecorded agreement with the tenant, such unrecorded agreement is void. Such agreement being void, however, does not give the landlord the right to distrain upon such property.

If the landlord has no right to distrain in the first instance, he has no right to proceed under claim and delivery for the purpose of obtaining possession of the property. In such a case, we think the landlord's procedure should be to sue upon his rental contract, and to this action those claiming under an unrecorded instrument should be made parties defendant, with appropriate allegations, in order that the rights of all interested parties might be determined in the same action. In such an action we do not think the tenant could claim homestead in such property claimed by a third party, for the reason that, under the Constitution and statutory law of this State, homestead exemption can be claimed only in one's own right.

We are of the opinion, therefore, that the case of *Simpson v. McDonald, supra,* was wrongfully decided, and the same is hereby expressly overruled.

Under the claim and delivery proceeding in the case at bar, the only question before the Court was whether or not the cattle in question belonged to the defendant E. V. Davis in his own right, or to his children. If it belonged to him in his own right, then, unquestionably, the landlord had the right to distrain thereon. If the property did not belong to the tenant in his own right, the landlord's action failed.

This question of fact should have been submitted to the jury.

It is the judgment of this Court that the judgment of the lower Court be reversed, and the cause be remanded to that Court for a new trial in accordance with the views herein expressed.

Messrs. Justices Cothran, Stabler, and Carter concur.