13825

MATHER–JAMES CO., INC., v. WILSON ET AL.

(174 S. E., 265)

Before ANSEL, J., County Court, Greenville, April 1932.

*Mr. Ben A. Bolt,* for appellant,

*Messrs. James L. Love* and *Ben C. Thornton,* for respondent,

April 6, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action in claim and delivery brought by Mather-James Company against Nezzia Wilson and James L. Love, defendants, on April 20, 1932. Mr. Love was made a party for the reason that he, as landlord, claimed some interest in the property involved in the suit. His interest will fully appear later in this opinion.

The defendant Wilson defaulted and, hence, passes out of consideration in this appeal.

The cause was tried before Hon. M. F. Ansel, Judge of the Greenville County Court, without a jury, and resulted in a verdict for the defendant Love. From the judgment duly entered, this appeal is taken.

The following facts appear from the record before us: On July 27, 1927, J. L. Love rented a certain dwelling house in the City of Greenville to Nezzia Wilson, by the month, there being no written contract of rental, and possession of the premises was taken by the tenant on the same day. On July 30, 1927, the plaintiff, Mather-James Company, sold to Nezzia Wilson a bill of furniture, receiving from her a sales contract which is conceded to be equivalent to a chattel mortgage. This instrument was recorded on September 7, 1927.

Nezzia proved to be a good tenant for several years, paying her rent monthly and also making payments on her furniture account. However, she could not withstand the depression of 1932 and became in arrears as to her rent and ceased to make payment on the furniture. On April 12, 1932, Love issued his distress warrant upon the property and, as before stated, the plaintiff commenced this action on April 20, 1932. The contention, therefore, is between the plaintiff, under its mortgage, and J. L. Love, the landlord, under his lien obtained by distress.

It seems that the law of distress is to some extent misunderstood because of the two recent decisions in the *Fi-*

*delity case (Fidelity Trust & Mtg. Co. v. Davis)*, 158 S. C., 400, 155 S. E., 622, and in the *Hoffman case (U. S. Hoffman Mach. Corp. v. Harris)*, 167 S. C., 443, 166 S. E., 613. It will be earnestly endeavored in this opinion to set at rest all differences that may exist to the end that the law may be definitely settled.

The law of distress must be considered in relation to other statutory provisions, notably the recording acts. It is said in the *Fidelity case* that the landlord is a subsequent creditor. If such, he is unquestionably entitled to protection. If he be denied protection, he is the only subsequent creditor treated in that manner. To hold that he is such a creditor necessarily implies that he is entitled to the same manner of protection afforded all other subsequent creditors.

If the right of distress is to be determined solely between the landlord and the tenant, no trouble will appear, but the difficulty arises when the claims of third parties are to be considered. These third parties are usually bailors or mortgagees. Under the statute, the holder of a mortgage upon the chattels will have a superior claim to that of the landlord for rent only when the mortgage was executed before the rental contract was entered into or before the chattels were brought upon the rented premises, and, as we will endeavor to show, *recorded* before the debt of the landlord was contracted.

Even though the mortgagee, with a mortgage duly recorded before the chattels were placed upon the premises of the landlord, has a lien, prior to the lien for rent, yet this does not prevent a distress by the landlord. Upon payment of the mortgage debt, the landlord may then proceed by distress. The statute so provides. Code 1932, § 8820.

In order for the landlord to be a subsequent creditor the tenant must, of course, be in arrears for rent. If then the landlord be a subsequent creditor and the mortgage, although executed before the chattels were placed upon the premises, was not recorded, the landlord is protected in his

claim under the recording act, for, having no notice of the mortgage, he is not affected by its lien. But suppose the mortgage be recorded before any proceedings in distress be taken although executed *before* the chattels were placed upon the premises, then, in that event, the lien of the mortgage ranks only from the date of record as against subsequent creditors, and the lien of the landlord is prior to the mortgage to the extent of the debt for rent due him prior to the record of the mortgage. And just here may be mentioned a condition which has a material bearing on the question. If the rental contract be for a certain amount, say, $600.00 for a year, then the entire amount must be considered as due at the beginning of the contract, although the payments may be made on a monthly basis of $50.00 per month. While, on the other hand, if the rental contract be by the month, the recorded mortgage ranks ahead of the monthly rent which is not due.

The other disturbing factor arises under the bailment statute (Code 1932, § 7047), which is governed by the recording act just as fully as are chattel mortgages. To be protected against the claims of subsequent creditors, the bailment agreement must be recorded. One in possession of personal property is presumed to be the owner, and, should the one in possession endeavor to say that he merely held the property for another, he will not be heard to so state to the detriment of a subsequent creditor, for the reason that the unrecorded bailment agreement, being void in law as to subsequent creditors, is not sufficient to rebut the presumption of ownership. Mere temporary use of chattels is not considered a bailment, under the statute.

It is true the statute (Section 8819), says that the distress can be levied only upon the property belonging to the tenant in his own right. This provision applies only between landlord and tenant and cannot be construed as nullifying the protection given a subsequent creditor under the recording act. This construction will give force and effect to both

statutes, which is always to be preferred to leaving them with conflicting provisions.

There is no law which requires the recording of a straight, unconditional bill of sale. Section 7047 requires the recording of such instruments only when some "interest is reserved to the vendor." The title to personal property passes by delivery in case there is no writing, but where there is a writing, a bill of sale, delivery of the writing dispenses with the necessity of actual delivery. *Ex parte Harris & Co.,* 141 S. C., 430, 140 S. E., 101.

Let us now consider the law as herein expressed in relation to the *Hoffman* and *Fidelity cases,* with a view of determining whether there be a serious conflict between those cases. In the *Fidelity case* the question of bailment as affecting the decision was not raised. The uncontradicted testimony, introduced without objection, showed that the cattle belonged to the children of the tenant. Under these conditions the Court was obliged to hold that the cattle did not belong to the tenant in his own right, and, therefore, not the subject of distress by the landlord.

In the *Harris case* the mortgage was neither executed nor recorded before the machinery was placed upon the premises of the landlord, according to the prevailing opinion, although the dissenting opinion held that the mortgage was executed when the machinery was shipped from New York. Even if this be true, the mortgage was not recorded until long after and, as we have endeavored to show, the landlord was entitled to protection as being a creditor without notice. The principal grievance, however, with that case was that the majority opinion, for the reasons there stated, permitted the landlord to have a lien for his rent without action by distress.

It is argued that Section 8820 makes no reference to the recording acts and, consequently, recording of the mortgage is no part of the distress statute. This section begins: "In all cases where property distrained for arrears of rent is

subject to the lien of a mortgage," etc. The "lien of the mortgage" is good between the original parties, but is only valid against subsequent creditors when recorded and unless recorded the mortgage is void as to such creditors. So then, even though Section 8820 does not directly refer to recording, it does refer to the *lien* of the mortgage, and this lien can only be perfected by recording.

The law as herein stated is intended, if possible, to clarify any confused questions arising under the law of distress, as set forth in former decisions of this Court. Should the doctrines expressed in this opinion run counter to any of the cases heretofore decided, such cases must yield to the rules of law herein contained.

It appears from the transcript of record that the rental contract, in the case at bar, was from month to month and that during the period of occupancy by the tenant the monthly rental was reduced. Whether a new contract was made for each month, or whether the reduction of the monthly rental constituted a new contract, are questions not necessarily to be decided at this time.

It further appears that the present debt due the landlord was contracted long after the execution and record of the mortgage of the plaintiff and that, at least by record, the landlord had notice of the mortgage. From what has already been said, the debt of the landlord being contracted subsequent to the record of the mortgage is subject to it.

The judgment of the County Court of Greenville County is reversed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham concur in result.

Mr. Acting Associate Justice W. C. Cothran concurs.

Mr. Chief Justice Blease (concurring in result) : My views, as to the questions involved in this appeal have been fully expressed in my opinion in the case of *Fidelity Trust & Mortgage Company v. Davis,* 158 S. C., 400, 155 S. E.,

622, which was concurred in by all the Justices who participated in the decision, in the dissenting opinion of Mr. Justice Bonham, and my opinion, concurring in that opinion, in the case of *U. S. Hoffman Machinery Corporation v. Harris,* 167 S. C., 443, 166 S. E., 613. Those views are not in accord with the holdings of Mr. Justice Stabler in this case.

The decision in the *Hoffman case,* while not expressly overruling some of the holdings in the *Fidelity case,* in effect did overrule them.

It appears now that a majority of the Court in this case, and in the case of *General Motors Acceptance Corporation v. Anderson* (S. C.), 174 S. E., 268, the decision in which is being filed along with this decision, are of the opinion that the *Hoffman case* should be followed. This means, as I see it, that important holdings in the *Fidelity case* are now expressly overruled. The result, too, is to restore the doctrine announced in *Simpson v. McDonald,* 79 S. C., 277, 60 S. E., 674, which was expressly repudiated in the *Fidelity case,* and which doctrine the Court had indicated should be repudiated in the case of *General Motors Acceptance Corporation v. Hanahan,* 146 S. C., 257, 143 S. E., 820.

I find, not only from cases coming to this Court since the decision of the *Hoffman case,* but from discussion among the members of the bar, that there is now much confusion on the subject of distress for rent. The question as to the priorities between a landlord and the holder of a chattel mortgage, or an instrument in the nature of a chattel mortgage, is a very important one, and it frequently arises. The law thereabout should be settled beyond peradventure. This, because the Judges of the higher Courts, as well as the magistrates, who so often have these rights for determination, may know how to decide cases; that the members of the bar may correctly advise their clients, and save them useless litigation; and that the people, generally, especially those

who sell personal property, on credit, to tenants, may, in due time, take steps to protect properly their interests.

It is not only important that the decisions of this Court be right, but it is also of full equal importance that the people know what the law is, that they may observe the law. For these reasons, I am concurring in the result of this opinion, with the understanding that from this time forward the Court will follow the principles declared therein.

That there may be no misunderstanding, let it be understood that the effect of this decision, briefly stated, is this: One who sells personal property, or who lends money thereon, to another, who occupies the relationship of tenant, in order to have a lien on the personalty, prior to the landlord's right of distress, should, before the personal property is placed upon the leased premises, have his chattel mortgage, or other instrument in the nature of a chattel mortgage, placed on record in the proper office for the recording of such instruments. Otherwise, the seller or lender will run a great risk in the enforcement of his lien and the collection of his debt.

The holdings of the leading opinion seem to me to place an undue burden not only upon the seller or lender, but, oftentimes, upon the tenant as well; but as a majority of the Court are of the opinion that such is the law, I yield to their views. It may not be out of place to suggest again, what was said in the *Fidelity case, supra,* that the General Assembly might well rewrite the laws relating to distress for rent.

MR. JUSTICE BONHAM concurs.