13826

GENERAL MOTORS ACCEPTANCE CORPORATION v.
ANDERSON

(174 S. E., 268)

Before DENNIS, J., Dillon, July, 1932.

*Messrs. Willcox, Hardee & Wallace*, for appellant,

*Mr. Joe P. Lane,* for respondent,

April 7, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action in claim and delivery instituted by plaintiff for the possession of an automobile truck which had been seized by the defendant Anderson under a distress warrant for the satisfaction of rent due him by the Biggs Chevrolet Company, his tenant.

The case was submitted to Judge E. C. Dennis, without a jury, upon an agreed statement of facts, substantially as follows: On January 1, 1928, the Biggs Company, a local dealer in Chevrolet automobiles, at Dillon, S. C., entered

into possession of certain premises which it had leased from the defendant at a rental of $60.00 per month. As such dealer, it conducted its business in the following manner, generally referred to as the General Motors Acceptance Corporation floor plan: Automobiles were shipped by the Chevrolet Motor Company to Dillon, to its own order, with instructions to notify the local dealer. To each bill of lading was attached a draft for approximately 10 per cent. of the invoice cost of cars shipped and an instrument in writing designated by plaintiff as a "trust receipt." The Biggs Company would pay the draft and execute the receipt, whereupon the bill of lading would be released to it. The cash payment of the draft would then be remitted by the bank to Chevrolet Motor Company and the trust receipt forwarded to the General Motors Acceptance Corporation. Upon surrender by the Biggs Company of the bill of lading, the shipment of cars would be delivered to it to be held and handled by it in accordance with the terms of the trust receipt. The truck in question came into possession of the Biggs Company on October 15, 1931, but the trust receipt executed by it was not recorded by plaintiff until about eight months thereafter. On June 17, 1932, while the truck was still on the rented premises, it was distrained by the defendant for rent due and in arrears in the sum of $200.00.

On January 27, 1933, Judge Dennis filed an order in which he gave judgment in favor of the defendant for possession of the truck or its value, the amount of the rent claimed. From this order plaintiff appeals.

The first question presented for determination, as stated by appellant, is whether the transaction between the General Motors Acceptance Corporation and the Biggs Chevrolet Company should be "construed as a conditional sale or a bailment with power of sale" lodged in the Biggs Company?

. It is contended that the "trust receipt" evidences an intent between the parties that title to the motor vehicles should re-

main in the plaintiff and that, therefore, "a distress by the landlord would not lie because the property at no time belonged to the tenant in his own right."

It appears that the paper, Exhibit A, a copy of which is before us, was made up of a promissory note, a bill of sale, and the trust receipt referred to. The bill of sale, dated October 8, 1931, was from the Chevrolet Motor Company, of Atlanta, Ga., to the plaintiff, and covered the shipment of cars therein listed. The trust receipt provided, among other things, that the cars should be placed in possession of the local dealer for the purpose of storing and sale, and that title to the property should remain in the General Motors Acceptance Corporation. The note, dated October 15, 1931, was for $1,910.00, the unpaid balance of the invoice cost of the cars, including the truck in question. It was made in favor of the plaintiff and was executed by the Biggs Company apparently at the time it signed the trust receipt, and is clearly a purchase money note. The plaintiff, under the terms of the note, had the absolute right to take a personal judgment against the Biggs Company, upon default in payment, for the balance of the purchase price of the cars. The maker, *inter alia;* waived all "benefits of valuation, appraisement and exemption laws, and all rights of appeal." Under the decisions of this Court, such title retaining paper is to all intents and purposes a chattel mortgage. However, under our view of the case, the point is immaterial, as the result in any event would be the same.

The appellant also imputes error to the Circuit Judge in not holding "that the claim of plaintiff under Section 8820, 1932 Code, Volume 3, was superior to any lien obtained upon said property (truck) by distress for rent in arrears due by Biggs Chevrolet Company" (Exception 2); and in not adjudging that plaintiff was entitled to the possession of the truck for the reason that "the trust receipt under which the property was placed in possession of Biggs Chevrolet Company was duly recorded prior to the date upon

which defendant undertook to levy a distress upon said property for rent in arrears" (Exception 3).

The trust receipt, which may be treated as a chattel mortgage, was executed, as we have stated, on October 15, 1931, but was not recorded until June 9, 1932, at which time the rent due the landlord had accrued and his status as a subsequent creditor was fixed. These exceptions of the appellant, therefore, are overruled under the decision of this Court in the recent case of *Mather-James Company v. Wilson,* 174 S. E., 265, filed April 6, 1934.

The fourth exception charges error on the part of the Circuit Judge in holding that the defendant was entitled to the truck, and in not holding that legal title to such property was in the plaintiff and not subject to distress by the landlord.

It appears that the tenant, the Biggs Company, sold one of the cars covered by the trust receipt but did not remit the proceeds to the plaintiff as it was bound under its contract to do. When the appellant was apprised of this fact, the dealer found itself in an unpleasant situation and naturally desired, by satisfactory settlement, to avoid the consequences of its act. Therefore, to remedy its apparent breach of trust, it gave to the plaintiff an instrument in writing whereby it parted with its "right, title, interest or equity" in the cars, including the truck in question. This paper, which in effect was a bill of sale, was executed on June 13, four days before the levy of the distress, and vested in the appellant the legal title to the property. The transfer was for valuable consideration, and we see no evidence of fraud in the transaction, as contended. There then arose some trouble about past-due taxes on the cars, and before the truck could be removed from the premises by the plaintiff, the landlord levied his distress, as stated. Under this state of facts, the rule of law, that distress for rent can be levied only upon property belonging to the tenant in his own right, clearly applies and governs. That the paper executed was equivalent to actual

delivery of the cars is sustained by *Ex parte Harris & Co.*, 141 S. C., 430, 140 S. E., 101, 103, where it was held that "property and chattels may be transferred from one to another in writing, without delivery, the delivery of the writing being symbolical delivery of the property." This exception is sustained.

The judgment of the Circuit Court is reversed, and the case remanded, with instructions that judgment be entered up for the plaintiff under Rule 27 of this Court.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE BONHAM concur in result.

MR. JUSTICE CARTER concurs.