14081

FRANCIS H. LEGGETT & CO. v. ORANGEBURG PIGGLY
WIGGLY CO.

(180 S. E., 483)

*Messrs. Wolfe & Wolfe,* for appellant,

*Mr. M. E. Zeigler,* for respondent,

June 5, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an appeal from Orangeburg County involving that constant question which arises between the landlord who leases premises to a tenant and the person who sells chattels to the tenant, covered by a chattel mortgage or a retention title contract, which chattels are placed upon the leased premises by the tenant.

Perhaps no question has received more attention at the hands of the Court than is involved in this appeal. Mr. Justice Blease, afterwards Chief Justice of the Court, in the case of *Fidelity Trust & Mortgage Co. v. Davis et al.,*

reported in 158 S. C., 400, 155 S. E., 622, 625, in an exhaustive opinion reviewed all the statutory law, and opinions of the Courts of this state, on this subject. He arrived therein at two definite conclusions, to wit: "It is thus seen that these statutes give a landlord no lien on the personal property of his tenant, other than on the crops raised on the demised premises for rent due by his tenant. While the landlord has no lien on such personal property, yet the statutes have preserved to him, in a modified form, his common-law right to distrain on such property." Again he said: "We think the landlord is a subsequent creditor within the meaning of this section [Section 5519, Civil Code 1922], and, as between him and a third party claiming under an unrecorded agreement with the tenant, such unrecorded agreement is void. Such agreement being void, however, does not give the landlord the right to distrain upon such property."

Following that opinion was the case of *Ex Parte Stackley,* 161 S. C., 278, 159 S. E., 622, in which it was held that "landlords have no lien for rent until they levy by distress therefor." "Where insolvent tenant's mortgaged chattels were put on premises before mortgage was executed, landlord's claim for rent had preference over chattel mortgagees' claim."

Following was the case of *United States Hoffman Mach. Corp. v. Harris,* 167 S. C., 443, 166 S. E., 613, 620, in which Mr. Justice Stabler, now Chief Justice, wrote the leading opinion, Mr. Acting Associate Justice W. C. Cothran wrote a concurring opinion, Mr. Associate Justice Carter concurred in the opinion of Mr. Justice Stabler. Mr. Justice Bonham wrote a dissenting opinion concurred in by Mr. Chief Justice Blease, and the result of the prevailing opinions was practically to overrule the case of *Fidelity, etc., Co. v. Davis, supra,* except in so far as that opinion held that landlord as to an unrecorded mortgage was a subsequent creditor. The opinion quotes this from

the *Fidelity, etc. Co. v. Davis case*: "We think the landlord is a subsequent creditor within the meaning of this section [5519], and, as between him and a third party claiming under an unrecorded agreement with the tenant, such unrecorded agreement is void."

There was a petition for rehearing in the *Hoffman case;* the order thereon refusing the petition was concurred in by Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter, Bonham, and Mr. Acting Associate Justice Cothran. Mr. Chief Justice Blease said: "While I did not agree with the conclusion of a majority of the Court in this case, I see no reason for a rehearing." Mr. Justice Bonham concurred in this.

Thereafter there followed the case of *Mather-James Co., Inc., v. Wilson et al.,* 172 S. C., 387, 174 S. E., 265, in which the main opinion was written by Mr. Justice Stabler, now Chief Justice, in which he said: "If the right of distress is to be determined solely between the landlord and the tenant, no trouble will appear, but the difficulty arises when the claims of third parties are to be considered. These third parties are usually bailors or mortgagees. Under the statute, the holder of a mortgage upon the chattels will have a superior claim to that of the landlord for rent only when the mortgage was executed before the rental contract was entered into or before the chattels were brought upon the rented premises, and, as we will endeavor to show, *recorded* before the debt of the landlord was contracted."

Again he said: "In order for the landlord to be a subsequent creditor the tenant must, of course, be in arrears for rent. If then the landlord be a subsequent creditor and the mortgage, although executed before the chattels were placed upon the premises, was not recorded, the landlord is protected in his claim under the recording act, for, having no notice of the mortgage, he is not affected by its lien."

Mr. Chief Justice Blease, concurring in the result of this opinion, said: "My views as to the questions involved in

this appeal have been fully expressed in my opinion in the case of *Fidelity Trust & Mortgage Company v. Davis,* 158 S. C., 400, 155 S. E., 622, which was concurred in by all the Justices who participated in the decision, in the dissenting opinion of Mr. Justice Bonham, and my opinion, concurring in that opinion, in the case of *U. S. Hoffman Machinery Corporation v. Harris,* 167 S. C., 443, 166 S. E., 613. Those views are not in accord with the holdings of Mr. Justice Stabler in this case." Further quoting: "It is not only important that the decisions of this Court be right, but it is also of full equal importance that the people know what the law is, that they may observe the law. For these reasons, I am concurring in the result of this opinion, with the understanding that from this time forward the Court will follow the principles declared therein." In this concurring opinion of Mr. Chief Justice Blease, Mr. Justice Bonham concurred.

Thus stood the law as enunciated by this Court when the case now on appeal was heard. The facts therein are within a small compass and are undisputed.

Mrs. Freeland, the respondent herein, by written agreement, leased her storeroom in the city of Orangeburg to the Orangeburg Piggly Wiggly Company for a period of five years at a stated rental to be paid monthly. On the same day the lease was executed, the Orangeburg Piggly Wiggly Company, purchased from Piggly Wiggly Corporation of Ohio certain fixtures, to be used in the leased storeroom, and gave a mortgage over them. The lease was recorded December 31, 1929. The leased premises were being overhauled and repaired, and the fixtures purchased were not moved into the building until some time in the month of February, 1930. The mortgage, however, was not recorded until March 18, 1930. December 24, 1932, the Piggly Wiggly Company of Orangeburg went into the hands of a receiver, by order of the Court. It was then behind in the payment of its rent to the extent of $520.00 which had accumulated during the latter part of the year 1932. At the

time of the receivership, Piggly Wiggly Company owned a balance on the Piggly Wiggly Corporation mortgage of $1,074.60. The receivership case was referred to the county Judge as Special Referee to wind up the affairs of the company. We are only concerned with that part of the receivership relating to this specific question of the right of the landlord for rent over the Piggly Wiggly Corporation in its claim for balance due on its mortgage. The Special Referee filed a report in which he held that the mortgage of Piggly Wiggly Corporation took precedence over the claim of the landlord for rent. He held as follows:

"It seems to be now well settled that where the rent accrued prior to the execution and record of the chattel mortgage, the rent (after distraint or its equivalent) constitutes a prior lien."

"But where the chattel mortgage was executed before the goods were moved upon the premises, and recorded; then the mortgage constitutes a prior lien against all rent accruing or becoming due after such record of the mortgage."

He decreed in favor of the priority of the mortgage over the claim for rent.

On appeal to the Circuit Court, the report of the Special Referee was overruled, and the Circuit Judge held that under the *Mather-James Co. v. Wilson case, supra,* the lien of the landlord had precedence over that of the mortgage. The Circuit Judge predicated his opinion upon this holding of the leading opinion in the *Mather-James Co. v. Wilson case:* "But suppose the mortgage be recorded before any proceedings in distress be taken although executed before the chattels were placed upon the premises, then, in that event, the lien of the mortgage ranks only from the date of record as against subsequent creditors, and the lien of the landlord is prior to the mortgage to the extent of the debt for rent due him prior to the record of the mortgage. *And just here may be mentioned a condition which has a material bearing on the question. If the rental contract be for a cer-*

*tain amount, say, $600.00 for a year, then the entire amount must be considered as due at the beginning of the contract, although the payments may be made on a monthly basis of $50.00 per month. While, on the other hand, if the rental contract be by the month, the recorded mortgage ranks ahead of the monthly rent which is not due."* (Italics added.)

Upon the strength of that quotation, the Circuit Judge held that the contract between Mrs. Freeland and the Piggly Wiggly Company of Orangeburg being a written contract for five years, all the rent was due from the date of the lease, and since the lease was entered into before the fixtures were brought on the leased premises, the lien of the landlord for rent takes priority.

The views of the writer of this opinion have always been in accord with those expressed by the Special Referee herein, but as was said by Mr. Chief Justice Blease, in which this writer concurred, it is esesntial that this vexed question be definitely settled. Since, therefore, the majority of the Court hold in accordance with the views of the Circuit Judge, the appeal must be dismissed and the judgment affirmed.

All exceptions have been considered and overruled.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.

ON PETITION FOR REHEARING

*Per curiam.*

The petition for rehearing in this case presents two grounds in support thereof:

(a) That the Piggly Wiggly Corporation under the written lease had a legal right to remove the fixtures. The lease gives the lessee the right to remove fixtures, but it will not be contended that he could exercise that right while owing rent, still unpaid.

(b) The second ground is disposed of by the main opinion.

The petition is dismissed.